**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ZDENKA WILCOX** | § | |
| | § | |
| **v.** | § | **CASE NO.  4:26-cv-147** |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS, et al.** | § | |

## CITY OF SOUTHLAKE, TEXAS' MOTION TO DISMISS AND BRIEF IN SUPPORT

> **ROBERT J. DAVIS**
> State Bar No. 05543500
> **KYLE THOMAS BARRY**
> State Bar No. 24122284
> **MATTHEWS,  SHIELS, KNOTT,
> EDEN, DAVIS & BEANLAND, L.L.P.**
> 8131 LBJ Freeway, Suite 700
> Dallas, Texas 75251
> 972/234-3400 (office)
> 972/234-1750 (telecopier)
> bdavis@mssattorneys.com
> kbarry@mssattorneys.com
>
> **ATTORNEYS FOR DEFENDANT
> CITY OF SOUTHLAKE, TEXAS**

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

II. STANDARD FOR RULE 12(b)(6) MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. PERTINENT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-5

IV. GROUNDS FOR DISMISSAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V. PLAINTIFF'S COMPLAINT FAILS TO STATE ANY PLAUSIBLE
CLAIMS AGAINST THE CITY OF SOUTHLAKE . . . . . . . . . . . . . . . . . . . . . . . . . 6-18

 A. Plaintiff has not adequately plead nor could she establish under
these facts any Section 1983 and *Monell* liability against the City . . . . . . . . . 6-15

  1. No violation of any constitutional rights . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

  2. Plaintiff cannot demonstrate "Stigma-plus" Due Process claim . . . . . . 9-11

  3. Applicable law regarding *Monell* liability . . . . . . . . . . . . . . . . . . . . . . . 11-13

  4. Plaintiff fails to sufficiently plead any plausible *Monell* claim . . . . . . . 14-15

  5. City cannot be held vicariously liable herein as matter of law . . . . . . . . 15

 B. Plaintiff has failed to plead any plausible claims for Injunctive or
Declaratory Judgment relief against the City . . . . . . . . . . . . . . . . . . . . . . . . . . 15-17

 C. Plaintiff's claims against the "Doe" Defendants should be dismissed . . . . . . . . 17

 D. Court can and should also dismiss the unserved Doe Defendants because
some grounds for dismissal of City also apply to these unserved defendants . . . 17-18

VI. PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

 CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**TABLE OF AUTHORITIES**

<u>CASES</u>:

*Alexander v. Tangipahoa Parish Sheriff Dept*.,
  2006 U.S. Dist. LEXIS 95292, 2006 WL 4017825 (E.D. La. 2006) . . . . . . . . . . . . . . . 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Ballard v. Hedwig Vill. Police Dep't*,
  408 F. App'x 844 (5th Cir. 2011)(per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 554  (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Bellard v. Gautreaux,*
  675 F.3d 454 (5th Cir.2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bledsoe v. City of Horn Lake, Miss.*,
  449 F.3d 650 (5th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Bd. of Cnty. Comm'rs v. Brown*,
  520 U.S. 397, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) . . . . . . . . . . . . . . . . . . . . . 13

*Bennett v. City of Slidell*,
  728 F.2d 762  (5th Cir. 1984) (en banc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blackburn v. City of Marshall*,
  42 F.3d 925 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Bodzin v. City of Dallas,*
  768 F.2d 722 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Bolton v. City of Dallas*,
  541 F.3d 545, (5th Cir. 2008) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Burge v. Parish of St. Tammany*,
  187 F.3d 452  (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Carson v. Fed. Nat'l Mortg. Ass'n,*
  2012 U.S. Dist. LEXIS 204112, 2012 WL 13029757 (W.D. Tex. Jan. 26, 2012) . . . . . 15

*City of Los Angeles v. Heller*,
  475 U.S. 796 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Oklahoma City v. Tuttle*,
  471 U.S. 808, 820, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985) . . . . . . . . . . . . . . . . . . . 14

*City of St. Louis v. Praprotnik*,
   485 U.S. 112, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Edison v. Smith Cnty*.,
   2024 WL 1202884, 2024 U.S. Dist. LEXIS 50450 (E.D. Tex. Feb. 20, 2024) . . . . . . . . 7

*Farber v. City of Gainesville*,
   2026 WL 319782, 2026 U.S. Dist. LEXIS 26437 (E.D. Tex Feb. 2, 2026) . . . . . . . . . 17

*Gates v. Texas Dep't of Protective & Regul. Servs*.,
   537 F.3d 404 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Harris vs. City of Pagedale*,
   821 F.2d 499 (8th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Jarrett v. Twp. of Bensalem*,
   312 F. App'x 505 (3rd Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Landrigan v. City of Warwick*,
   628 F.2d 736 (1st Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Lewis v. Lynn*,
   236 F.3d 766 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Jett v. Dall. Indep. Sch. Dist*.,
   7 F.3d 1241 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Luera v. Kleberg County, Tex*,
   460 Fed. Appx. 447 (5th Cir 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*McCarty v. Zapata Cnty*.,
   243 F. App'x 792 (5th Cir. 2007)(unpublished) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Melancon v. Walsh*,
   2025 WL 42977, 2025 U.S. App. LEXIS 2896 (5th Cir. Feb. 7, 2025) . . . . . . . . . . . . . 7

*Monell v. Dep't of Soc. Servs. of N.Y.*,
   436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) . . . . . . . . . . . . . . . . . . . . . . . 11, 15

*Morrison v. Spinnaker Ins. Co.*,
   Civil Action No. 4:23-cv-324, 2025 U.S. Dist. LEXIS 166347 (E.D. Tex. 2025) . . . . . 16

*Olabisiomotosho v. City of Houston*,
   185 F.3d 521 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*O'Quinn v. Manuel*,
   773 F.2d 605 (5th Cir.1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Paul v. Davis*,
424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pembaur vs. City of Cincinnati*,
106 S.Ct. 1292, 1298 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Peña v. City of Rio Grande City*,
879 F.3d 613 (5th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pineda v. City of Houston*,
291 F.3d 325 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Piotrowski v. City of Houston*,
237 F.3d 567 (5th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11, 12, 15

*Perricone v. City of Mineral Wells Tex.*,
No. 4:19-CV-00992-O, 2023 U.S. Dist. LEXIS 201425, 2023 WL 7420256,
(N.D. Tex. Nov. 8, 2023), appeal dism'd, No. 23-11232, 2024 U.S. App. LEXIS 5353,
2024 WL 2880629 (5th Cir. Mar. 5, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Price v. Roark*,
256 F.3d 364 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Reitz v. City of Abilene*,
No. 1:16-CV-0181-BL, 2017 WL 3046881, 2017 U.S. Dist. LEXIS 110673
(N.D. Tex. May 25, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Rivera v. Hous. Indep. Sch. Dist.*,
349 F.3d 244 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Rich v. Palko*,
920 F.3d 288 (5th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Saucier v. Katz*,
533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schilling v. Rogers*,
363 U.S. 666, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960) . . . . . . . . . . . . . . . . . . . . . . . . 17

*Smith v. Patri*,
99 Fed. App'x 497 (5th Cir. 2004)(per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Valle v. City of Houston*,
613 F.3d 536 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Webster v. City of Houston*,
735 F.2d 838 (5th Cir. 1984) (en banc) (per curiam) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wells v. Hico Indep. Sch. Dist.*,
736 F.2d 243 (5th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*White v. City of Arlington*,
No. 4:22-cv-00886-O, 2023 WL 4188048, 2023 U.S. Dist. LEXIS 109453,
(N.D. Tex. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*White v. Thomas*,
660 F.2d 680 (5th Cir.1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## MOTION TO DISMISS AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **CITY OF SOUTHLAKE, TEXAS**, one of six Defendants,[1] and files their

MOTION TO DISMISS AND BRIEF IN SUPPORT, as follows:

## I.
## INTRODUCTION

Plaintiff's COMPLAINT decries in the Introduction that:

"This civil-rights action challenges the City of Southlake's creation, maintenance, and ratification of materially false and stigmatizing police records that altered Plaintiff's legal status and inflicted ongoing harm without constitutionally adequate process."[2]

Plaintiff is the self described "reporting victim of domestic violence who sought law-enforcement assistance from the Southlake Police Department."[3] The gist of her lawsuit is that she begrudges her credibility characterization in the Police Department Report and associated records. In other words, Plaintiff does not like that the Police Report, according to her, contained "material inaccuracies that misrepresented her report and portrayed her as unreliable."[4] Similarly, she contends "The false records mischaracterized Plaintiff's report and portrayed her as unreliable or suspect."[5] This Police Report has been used in subsequent civil actions, including a custody hearing and a defamation action against brought against her.[6]

---

[1]In addition to the City, Plaintiff purports to sue "John/Jane Does 1-5"

[2] Plaintiff's COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (hereinafter "Plaintiff's COMPLAINT")[ECF No. 1], Introduction paragraph I(1), p. 1

[3] Plaintiff's COMPLAINT [ECF No. 1], paragraph I(2), p. 2

[4] Plaintiff's COMPLAINT [ECF No. 1], paragraph I(2), p. 2

[5]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(21), p. 4

[6]Plaintiff's COMPLAINT [ECF No. 1], paragraphs IV(29) and (31), p. 5-6

Plaintiff now sues the City of Southlake and five unnamed "Doe" officer Defendants,[7] bringing claims under 42 U.S.C. Section1983 and *Monell* for an alleged Procedural Due Process claim premised on the "Stigma-plus" doctrine.  She also seeks injunctive and declaratory relief. Plaintiff's claims should all be dismissed as detailed more fully below.

## II.
## STANDARD FOR RULE 12(b)(6) MOTION

The standards to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6) are well established and known to and frequently cited by this Court, i.e. *White v. City of Arlington*, No. 4:22-cv-00886-O, 2023 WL 4188048, 2023 U.S. Dist. LEXIS 109453, at *4-5 (N.D. Tex. 2023), and same is incorporated herein by reference, so they will not be repeated here.

## III.
## PERTINENT FACTUAL BACKGROUND

For purposes of dismissal under FED. R. CIV. P. 12(b)(6), the following are pertinent facts gleaned from Plaintiff's lawsuit.[8]

Plaintiff Zdenka Wilcox is a resident of the City of Southlake, Texas.[9]  She describes herself as "a reporting victim of domestic violence who sought law-enforcement assistance from the

---

[7]She identifies five "Doe Defendants" and specifically avers "Defendants John/Jane Does 1-5 are officers, supervisors, investigators, or policymakers who personally participated in, approved, failed to correct, or ratified the conduct alleged herein." See, Plaintiff's Complaint (ECF No. 1), paragraph III(13), p. 3

[8]Because this motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), the factual allegations in Plaintiff's COMPLAINT [ECF No. 1] are taken as true but not necessarily the conclusory statements and bald assertions. However, nothing contained herein is intended to serve as a waiver of Defendant's right to challenge the veracity of same at trial or in the presentation of a further dispositive motions, if same even necessary. By filing this MOTION TO DISMISS, the City Southlake is not stipulating that the allegations of Plaintiff are true nor in any way acquiescing in the allegations contained in the Plaintiff's COMPLAINT. Rather, under the standards set forth above, the City contends that even if Plaintiff's sparse and specious allegations were factual, which they vehemently deny, the City would still be entitled to dismissal as a matter of law.

[9]Plaintiff's COMPLAINT [ECF No. 1], paragraph III(11), p. 3

Southlake Police Department ("SLPD")."[10]

The City of Southlake, Texas, is a governmental entity, specifically a home rule municipality, located in Tarrant and Denton Counties, Texas.[11] As part of its governmental functions, the City of Southlake operates a Police Department which provides various public safety and law enforcement activities, including the investigation and prosecution of crime.[12] Plaintiff identifies five "Doe" Defendants who she describes as "officers, supervisors, investigators, or policymakers."[13]

Plaintiff's "Factual Allegations" are set out in twenty two (22) paragraphs in her PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF.[14] Culled from these putative facts, mostly self-serving conclusions merely masquerading as "facts", is essentially that Plaintiff bemoans her portrayal in a Southlake Police Department Report, and specifically, "inaccuracies" incorporated into "official police records associated with case number SPR24000349".[15]

The Police Report in question was created on March 19, 2024, when "Plaintiff reported domestic violence to the Southlake Police Department and provided supporting documentation."[16] Plaintiff's litany of woes about the Police Report and associated records include the following:

&ast; "SLPD generated an official incident report and related records that contained material inaccuracies, including incorrect incident dates that Plaintiff did not provide and that materially altered the meaning and credibility of her report";[17]

---

[10]Plaintiff's COMPLAINT [ECF No. 1], paragraph I(2), p. 1

[11]Plaintiff's COMPLAINT [ECF No. 1], paragraph III(12), p. 3; See also, https://www.cityofsouthlake.com/

[12]Plaintiff's COMPLAINT [ECF No. 1], paragraph III(12), p. 3; See also, https://www.cityofsouthlake.com/1378/Police-Department

[13]Plaintiff's COMPLAINT [ECF No. 1], paragraph III(13), p. 3

[14]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(A)(16)-37, p. 3-7

[15]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(A)(18), p. 4

[16]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(A)(16), p. 3

[17]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(A)(17), p. 4

\*      "The false records did not merely misstate facts. They reclassified Plaintiff's legal standing in official proceedings from that of a reporting victim entitled to neutral law-enforcement treatment into that of an unreliable or false reporter, exposing her to adverse legal consequences and stripping her of procedural protections ordinarily afforded to victims of domestic violence";[18]

\*      "The false records mischaracterized Plaintiff's report and portrayed her as unreliable or suspect";[19] and

\*      "These were not trivial clerical errors. The inaccuracies altered Plaintiff's legal position, were later relied upon by third parties, and foreseeably caused reputational and legal harm".[20]

Plaintiff avers that she was "not notified of the mischaracterizations and was given no meaningful opportunity to challenge or correct them."[21] Continuing, she contends that she "repeatedly sought clarification and correction of the false records"[22] but "Defendants denied her access to any meaningful process, explanation, or remedial mechanism"[23] and similarly she avers that "No pre-deprivation or post-deprivation process was provided."[24]

These allegedly "false and uncorrected police records" were, according to Plaintiff, "affirmatively relied upon by government actors in judicial proceedings."[25] She alleges, for example, that "In a custody hearing in Tarrant County, an SLPD detective appeared as a witness for Plaintiff's abuser and testified, based on the erroneous police records, that Plaintiff's domestic-violence reports

---

[18]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(A)(19), p. 4

[19]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(B)(21), p. 4

[20]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(B)(22), p. 4

[21]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(A)(23), p. 4

[22]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(C)(25), p. 5

[23]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(C)(26), p. 5

[24]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(C)(27), p. 5

[25]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(D)(29), p. 5

were false."[26]  She also contends that "Plaintiff has also been forced to defend herself, and continues to defend herself, in a pending defamation action in Tarrant County arising from the same false police records. In those proceedings, the records have been invoked as official confirmation that Plaintiff fabricated her domestic-violence reports."[27]

Concerning contentions she headnotes as "Post-Notice Ratification by Final Policy Makers", Plaintiff writes that "On January 30, 2026, Plaintiff, through counsel, sent formal written notice to the City of Southlake, its City Attorney, City Manager, and senior officials detailing the constitutional violations and requesting corrective action"[28] but that "no City official took action"[29] and "No records were amended. No investigation was initiated. No process was offered."[30]

## IV.
## GROUNDS FOR RELIEF

The City of Southlake requests that the Court decide the following issues as presented in its MOTION TO DISMISS:

1. Whether Plaintiff has plead any plausible *Monell* or Fourteenth Amendment Due Process claims against the City of Southlake, particularly Due Process claims founded on the Stigma-plus doctrine;

2. Whether Plaintiff has plead any plausible claims for Injunctive or Declaratory Judgment relief against the City of Southlake; and

3. Whether Plaintiff's claims against the five unserved "Doe" Defendants should be dismissed.

---

[26]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(D)(29), p. 5

[27]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(D)(31), p. 6

[28]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(E)(34), p. 6

[29]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(E)(35), p. 6

[30]Plaintiff's COMPLAINT [ECF No. 1], paragraph IV(E)(36), p. 6

# V.
## PLAINTIFF'S COMPLAINT FAILS TO STATE ANY PLAUSIBLE CLAIMS AGAINST THE CITY OF SOUTHLAKE

Plaintiff proclaims in her introduction that "This civil-rights action challenges the City of Southlake's creation, maintenance, and ratification of materially false and stigmatizing police records that altered Plaintiff's legal status and inflicted ongoing harm without constitutionally adequate process"[31] The resulting discussion, however, is nothing more than conclusory assertions without meaningful analysis or substantive discussion of any relevant facts demonstrating any liability on the City's part. Put bluntly, even if factual allegations had been made against the City and legal claims properly plead, there are myriad reasons why Plaintiff cannot prevail herein. First as a threshold matter, there simply was no constitutional violation of any of the Plaintiff's secured rights. The fact that Plaintiff begrudges the reporting officers' characterization of her candor and credibility in a Police Report and associated records does not rise to the level of a constitutional violation. Second, Plaintiff's pleadings are wholly deficient, for a variety of reasons, regarding claims purportedly brought under *Monell* or as a Due Process violation under the Fourteenth Amendment under the "Stigma-plus doctrine". Likewise, Plaintiff cannot prevail on her claims seeking Injunctive or Declaratory relief.

### A.    Plaintiff has not adequately plead nor could she establish under these facts any Section 1983 and *Monell* liability against the City

#### 1.    No violation of any constitutional rights

Generally, to state a viable Section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution (2) that was clearly established at the time of their conduct. *See, Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)(citing *Saucier v. Katz*, 533 U.S. 194 (2001)). As

---

[31]See, Plaintiff's COMPLAINT [ECF No. 1] introductory paragraph unnumbered p. 1

a logical corollary, where there is no underlying constitutional violation, there can be no *Monell* liability, regardless of the government entity's policies or customs. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 529 (5th Cir. 1999); *Bodzin v. City of Dallas,* 768 F.2d 722, 726 (5th Cir. 1985)("The arrest of Bodzin was lawful as a matter of law, and he cannot recover under §1983 from any Defendant. We need not discuss good faith, municipal liability, or conspiracy."); *Luera v. Kleberg County, Tex*, 460 Fed. Appx. 447, 450 (5th Cir 2012)("Thus, given that [Officer] had probable cause to arrest [Plaintiff], there was no constitutional violation in this case; and [Officer] and Kleberg County were therefore entitled to summary judgment".)  More recently in *Melancon v. Walsh*, 2025 WL 42977, 2025 U.S. App. LEXIS 2896, at *16-17 (5th Cir. Feb. 7, 2025) the Fifth Circuit wrote: "As with Melancon's other claims, the district court correctly found that the "failure to plead the absence of probable cause—and, thereby,  state a constitutional violation"—defeats the *Monell* claim.

Plaintiff's case dies on this threshold issue.  The Fifth Circuit has plainly held that "there is no right to a completely accurate police report." *Smith v. Patri*, 99 Fed. App'x 497, 498 (5th Cir. 2004)(per curiam). See also *Rich v. Palko*, 920 F.3d 288, 297 (5th Cir. 2019)(affirming finding of qualified immunity where the plaintiff "fail[ed] to identify a single case suggesting that an individual has a right to be free from inaccuracies in an after-the-fact police report or that an inaccurate report serves as a sort of continuing constitutional violation...."). See also, *Edison v. Smith Cnty*., 2024 WL 1202884, 2024 U.S. Dist. LEXIS 50450, at *12 (E.D. Tex. Feb. 20, 2024), and *Alexander v. Tangipahoa Parish Sheriff Dept*., 2006 U.S. Dist. LEXIS 95292, 2006 WL 4017825, at *6 (E.D. La. 2006). Likewise, mere "disagreement with the information in the reports and with the officers' version of events is not sufficient to show that the officers falsified their reports." *Ballard v. Hedwig Vill. Police Dep't*, 408 F. App'x 844, 846 (5th Cir. 2011)(per curiam).

Other circuits have also recognized that false or inaccurate police reports do not pose a constitutional violation. See, e.g., *Jarrett v. Twp. of Bensalem*, 312 F. App'x 505, 507 (3rd Cir. 2009)("[T]he mere existence of an allegedly incorrect police report fails to implicate constitutional rights."); and *Landrigan v. City of Warwick*, 628 F.2d 736, 745 (1st Cir. 1980)("the mere filing of the false police reports, by themselves and without more, did not create a right of action in damages under 42 U.S.C. § 1983").

Plaintiff argues that "Defendants deprived Plaintiff of protected liberty interests, including the right not to be officially labeled as dishonest or unreliable in a manner that imposes a tangible legal burden."[32]  She remains wrong.  As the foregoing discussion of the well-reasoned and robust consensus of case law regarding accuracy and completeness of Police Reports confirms, even if the Southlake Officers  "intentionally misrepresented" facts in their Police Report (which Plaintiff has not demonstrated and which the City vehemently disputes), such misrepresentation(s) would not constitute a violation of a clearly established right - especially since Plaintiff was not charged with any crime; she was, according to her, a "reporting victim of domestic violence who sought law-enforcement assistance."[33]  Plaintiff simply cannot meet her threshold burden to show a constitutional violation of any kind.  Even if the Southlake Police Report and associated records contain inaccurate or even false allegations against the Plaintiff, the mere filing of a false, misleading, or incomplete Police Report, without more, is not a Constitutional deprivation nor infringement upon a liberty interest, and thus, does not create a cause of action in damages under section 1983 being brought as a putative 14th Amendment Due Process claim.

---

[32]Plaintiff's COMPLAINT [ECF No. 1), paragraph VI(45(a), p. 8.

[33]Plaintiff's COMPLAINT [ECF No. 1), paragraph I(2), p. 1.

### 2.    Plaintiff cannot demonstrate a plausible "Stigma-plus" Due Process claim

Plaintiff's terse Stigma-plus allegations[34] are little more than generic legal jargon untethered to any particularized facts, and her formulaic and threadbare recitals cannot rise to the level of a constitutional claim or survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the stigma-plus doctrine arises in the employment context, see, i.e. *Bellard v. Gautreaux,* 675 F.3d 454, 461 (5th Cir.2012)( "[a] public employee, even an at-will employee, has a constitutional right to notice and an opportunity to be heard when the employee is 'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities.'"); see also, *Perricone v. City of Mineral Wells Tex.*, No. 4:19-CV-00992-O, 2023 U.S. Dist. LEXIS 201425, 2023 WL 7420256, at *1 (N.D. Tex. Nov. 8, 2023), appeal dism'd, No. 23-11232, 2024 U.S. App. LEXIS 5353, 2024 WL 2880629 (5th Cir. Mar. 5, 2024). But "Neither damage to reputation alone nor the stigma resulting from the discharge itself trigger the protections of due process." *Bledsoe v. City of Horn Lake, Miss*., 449 F.3d 650, 653 (5th Cir. 2006)*.* (citing *Paul v. Davis*, 424 U.S. 693, 701, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976); *Wells v. Hico Indep. Sch. Dist*., 736 F.2d 243, 256 & n. 16 (5th Cir.1984) (footnote omitted)). "Rather, a liberty interest is infringed, and the right to notice and an opportunity to clear one's name arises, only when the employee is 'discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities.'" *Bledsoe*, 449 F.3d at 653 (quoting *White v. Thomas*, 660 F.2d 680, 684 (5th Cir.1981)) (emphasis added).

---

[34]The phrase "stigma-plus doctrine" appears only once in the entirety of Plaintiff's COMPLAINT, and even then, in only the most self-serving and cursory manner. See, Plaintiff's COMPLAINT (ECF No. 1), paragraph VI(45)(b), p. 8 ("The maintenance and continued use of false and stigmatizing records, coupled with denial of corrective process, satisfies the stigma-plus doctrine")

The Fifth Circuit employs a seven-element "stigma-plus-infringement" test to determine whether a plaintiff has a § 1983 claim for deprivation of liberty without notice or opportunity to clear his name. *Id*. (citing *Hughes v. City of Garland*, 204 F.3d 223, 226 (5th Cir. 2000)). Specifically, a plaintiff must show:

> (1) he was discharged; (2) stigmatizing charges were made against him in connection with the discharge; (3) the charges were false; (4) he was not provided notice or an opportunity to be heard prior to the discharge; (5) the charges were made public; (6) he requested a hearing to clear his name; and (7) the employer denied the request.

*Bledsoe*, 449 F.3d at 653.

As the Fifth Circuit has noted, "In *Paul v. Davis*, the Supreme Court held that the infliction of a stigma on a person's reputation by a state official, without more, does not infringe upon a protected liberty interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995)(quoting *Paul v. Davis*, 424 U.S. 693, 710-11, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)).

This court, in *Perricone v. City of Mineral Wells Tex*., No. 4:19-CV-00992-O, 2023 WL 7420256, 2023 U.S. Dist. LEXIS 201425, at 22-23 (N.D. Tex. Nov. 8, 2023), appeal dism'd, No. 23-11232, 2024 U.S. App. LEXIS 5353, 2024 WL 2880629 (5th Cir. Mar. 5, 2024), encapsulated the analysis of a stigma-plus Due Process claim regarding the former City Mayor as follows:

> In analyzing a due process claim, courts engage in a two-part inquiry, determining first whether the plaintiff was deprived of a protected interest, and, if so, determining what process is due. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982). When the protected interest at issue involves a reputational harm, courts employ the stigma-plus test first articulated *Paul v. Davis*. 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976). To satisfy this two-part stigma-plus test, plaintiffs alleging reputational harm must show that: (1) they suffered a stigma from governmental action plus (2) they experienced an alteration or extinguishment of "a right or status previously recognized by state law." *Paul*, 424 U.S. at 711. The Fifth Circuit "has consistently applied Paul by requiring that a section 1983 claimant show a stigma plus an infringement of some other interest." *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991); see also *Kovac v. Wray,* 363 F. Supp. 3d 721, 753 (N.D. Tex. 2019) (summarizing stigma-plus jurisprudence). And turning to the second half of the broader due process inquiry, when the government deprives a person of a protected life, liberty, or property

interest, the government must provide an "opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (internal quotations and citation omitted).

Here, Plaintiff cannot demonstrate the vital elements of her Stigma-plus Due Process theory. First and fundamentally, she was not an employee of the City of Southlake, taking her out of the usual employment context for a Stigma-plus theory of Due Process claims. Second, as in *Perricone*, Plaintiff fails both prongs of the Due Process inquiry because she has not articulated a constitutionally cognizable injury. As discussed above, there is no constitutional right to a completely accurate police report. Moreover, even if Plaintiff's pleading could be construed to adequately allege that the police report somehow besmirches her reputation as a credible person, more is required under the Stigma-plus test. Plaintiff's pleadings underscore that her Due Process claim rests entirely on the purported damage to her reputation for candor and resulting alleged loss of credibility in two subsequent civil proceedings. This is legally insufficient. Dismissal of Plaintiff's putative Stigma-plus theory should follow.

### 3.    Applicable law regarding *Monell* liability

A municipality is a "person" subject to suit under § 1983 under certain circumstances. See *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Although a municipality cannot be held liable simply on a theory of respondeat superior, id. at 691, it can be held liable if a deprivation of a constitutional right is inflicted pursuant to an official policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Municipal liability requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010)

(quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)); see also *Peña v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018).

The first element requires that Plaintiff adequately plead an official policy or custom. "[A] policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle*, 613 F.3d at 542 (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003)). Although a "single decision by a [policymaker] may, under certain circumstances, constitute a policy for which a [municipality] may be liable[,] . . . this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Id.* (citations omitted) (second alteration in original). A custom is "a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Piotrowski*, 237 F.3d at 579 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc) (per curiam)).

To satisfy the second element, Plaintiff must adequately plead the identity of a policymaker with "final policymaking authority." *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing City of *St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)). "A 'policymaker' must be one who takes the place of a governing body in a designated area [*9] of city administration." *Webster*, 735 F.2d at 841 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984) (en banc)). "City policymakers not only govern conduct; they decide the goals for a particular city function and devise the means of achieving those goals. . . . [T]hey are not supervised except as to the totality of their performance." *Bennett*, 728 F.2d at 769. "[The court's] analysis must also take into account the difference between final decisionmaking authority and final

policymaking authority, a distinction that this circuit recognized as fundamental. . . . [D]iscretion to exercise a particular function does not necessarily entail final policymaking authority over that function." *Bolton v. City of Dallas*, 541 F.3d 545, 548-49 (5th Cir. 2008) (per curiam) (citations omitted); see also *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1247 (5th Cir. 1993) (explaining distinction between final policymaking authority and mere decisionmaking).

The third element requires that Plaintiff adequately plead that the municipal policy or custom was the "moving force" of the constitutional deprivation, which requires a "high threshold of proof." *Piotrowski*, 237 F.3d at 580 (citing *Monell*, 436 U.S. at 694). The "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). Plaintiff must therefore plausibly plead "that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* (quoting *Brown*, 520 U.S. at 411); see also *Piotrowski*, 237 F.3d at 579 ("[E]ven a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." (quoting Brown, 520 U.S. at 407)). Simple or even heightened negligence, however, is insufficient to meet the deliberate indifference requirement. *Piotrowski*, 237 F.3d at 579 (quoting *Brown*, 520 U.S. at 407).

#### 4.      Plaintiff fails to sufficiently plead any plausible *Monell* claim

Plaintiff's "Municipal Liability (Monell)" allegations are little more that rote regurgitation of *Monell* buzzwords.[35] Distilled to its essence, her *Monell* theory is founded on the contention that:

---

[35]Plaintiff's COMPLAINT (ECF No. 1), paragraphs V(38)-(44), p. 7-8

The constitutional violations suffered by Plaintiff were caused by an official municipal policy, custom, and practice of the City of Southlake: the maintenance and ratification of materially false and stigmatizing police records without constitutionally adequate procedures for notice, review, or correction.[36]

Overcoming the City's challenge requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Plaintiff must do far more than just suggest that the City of Southlake violated her rights - it must stem from a deliberate systemic City practice which is constitutionally unsound. She clearly fails here. Her COMPLAINT does not even allege more than an isolated violation of her constitutional rights, assuming arguendo that they were even violated; this is insufficient to establish a custom or policy of the City. *See, e.g., Gates v. Texas Dep't of Protective & Regul. Servs*., 537 F.3d 404, 437 (5th Cir. 2008); *O'Quinn v. Manuel*, 773 F.2d 605, 610 (5th Cir.1985); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820, 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985). Accordingly, because Plaintiff fails to sufficiently allege that the City maintained an unconstitutional policy, custom, or practice necessary to establish *Monell* liability, she has failed to state a claim which is capable of surviving Rule 12(b)(6) dismissal.

Telling is that the word "moving force" only appears once Plaintiff's entire COMPLAINT, and even then, in the most cursory of maner.[37] Missing, too, is any cogent discussion by Plaintiff of how any City's policies were in any way constitutionally deficient. Plaintiff's suggestion [though really not even made at all] that the City's policies were the moving force behind the alleged nonexistent constitutional harm falls far short of the "high threshold" of causation, *Piotrowski*, 237 F.3d at 580, required to avoid "municipal liability collaps[ing] into respondeat superior liability" *Snyder*, 142

---

[36]Plaintiff's COMPLAINT (ECF No. 1), paragraphs V(38), p. 7

[37]See, Plaintiff's Complaint (ECF No. 1), paragraph V(43), p. 8 ("The City's policy and post-notice ratification were the moving force behind Plaintiff's injuries.")

F.3d at 796 (quoting *Brown*, 520 U.S., at 415).  In other words, Plaintiff's pleadings simply do not allow an inference that any purportedly problematic policy was the moving force the led to any cognizable constitutional violation.  Accordingly, Plaintiff has not plausibly alleged that a City of Southlake policy nor an action by any City employee led to any "actual cause of the constitutional violation" *Valle*, 613 F.3d at 546 (citing *Thompson*, 578 F.3d at 300).

Plaintiff's *Monell* claim falls flat, to the point of causation being non-existent as a matter of law.  Even given its best spin, her allegations are nothing more than conclusive  statements and do not point to a specific policy that was the moving force for an constitutional violation. What emerges from even a cursory review of allegations, without specific factual allegations to support them, is that she fails to meet her pleading burden. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

### 5.   City of Southlake cannot be held vicariously liable herein as matter of law

A governmental entity cannot be held vicariously liable under 42 U.S.C.§1983 for purported unconstitutional acts committed by its employees. *Pembaur vs. City of Cincinnati*, 106 S.Ct. 1292, 1298 (1986); *Monell vs. Dep't of Social Servs.,* 98 S.Ct. 2018, 2037 (1978); *Brown vs. Bryan County*, 53 F.3d 1410 (5th Cir. 1985); *Piotrowski*, 51 F.3d 512; *Harris vs. City of Pagedale*, 821 F.2d 499, 504 (8th Cir. 1987). Thus, to the extent Plaintiff seeks to foist liability onto the City of Southlake for the actions of its "Doe" employees, she cannot do so.

### B.   Plaintiff has failed to plead any plausible claims for Injunctive or Declaratory Judgment relief against the City

Plaintiff's vague injunctive and declaratory judgment relief is duplicative of her *Monell* theory and therefore not independently viable.  As the Western District Court succinctly set out in *Carson v. Fed. Nat'l Mortg. Ass'n,* 2012 U.S. Dist. LEXIS 204112, 2012 WL 13029757, at *2 (W.D.

Tex. Jan. 26, 2012) "The Declaratory Judgments Act does not create an independent cause of action; it only provides a form of relief. When the request for a declaratory judgment adds nothing to an existing suit, and is merely duplicative of the substantive claims already at issue, the request for a declaratory judgment need not be entertained."  District Courts in Texas follow that approach. See, i.e. *Morrison v. Spinnaker Ins. Co.*, Civil Action No. 4:23-cv-324, 2025 U.S. Dist. LEXIS 166347, at *15 (E.D. Tex. 2025).

Plaintiff's "Injunctive and Declaratory Relief" claim is set out in its entirety, as follows:

"47.    False and stigmatizing police records concerning Plaintiff remain in effect.

48.    Defendants continue to maintain and rely upon these records, creating a real and immediate risk of future harm, including reliance by courts, law-enforcement agencies, and other governmental actors.

49.    Monetary damages alone cannot remedy this ongoing constitutional injury.

50.    Plaintiff does not seek to enjoin or interfere with any ongoing state judicial proceedings but seeks prospective relief solely to correct and prevent continued official use of false police records.

51.    The continued maintenance and official availability of these records constitutes an ongoing constitutional violation."[38]

This is the same as her Procedural Due Process and *Monell* claims against the City, i.e.:

"(a)    Defendants deprived Plaintiff of protected liberty interests, including the right not to be officially labeled as dishonest or unreliable in government records in a manner that imposes a tangible legal burden.

(b)    The maintenance and continued use of false and stigmatizing records, coupled with denial of corrective process, satisfies the stigma-plus doctrine.

(c)    The resulting injuries include alteration of Plaintiff's legal status, impairment of her credibility in judicial proceedings, and exposure to ongoing legal harm caused by official reliance on false records.[39]

---

[38]Plaintiff's COMPLAINT [ECF No. 1], paragraph VI(47)((51)

[39]Plaintiff's COMPLAINT [ECF No. 1], paragraph V(45)

Furthermore, dismissing the underlying substantive claim against the City effectively resolves any dispute as to Plaintiff's request for Injunctive and/or Declaratory Judgment relief against it. Declaratory relief is unavailable in the absence of some "judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960). Simply put, unless Plaintiff has a valid Fourteenth Amendment or *Monell* claim, she has no basis for the Court to issue any declaratory judgment against the City. See, i.e., *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2017 WL 3046881, 2017 U.S. Dist. LEXIS 110673, at* n. 9 (N.D. Tex. May 25, 2017).

### C.    Plaintiff's claims against the "Doe" Defendants should be dismissed

The Eastern District of Texas in *Farber v. City of Gainesville*, 2026 WL 319782, 2026 U.S. Dist. LEXIS 26437, at * 23-34 (E.D. Tex Feb. 2, 2026) very recently reiterated the well-established rule and practice regarding the dismissal of "Doe" Defendants, as follows:

> For the most part, "[f]ictitious party practice is not permitted in federal court." *Alexander v. City Police of Lafayette,* No. 6:11-CV-01749 SEC P, 2019 U.S. Dist. LEXIS 91226, 2019 WL 2345083, at *6 (W.D. La. Feb. 27, 2019)(collecting cases), report and recommendation adopted, 2019 U.S. Dist. LEXIS 90319, 2019 WL 2334196, (W.D. La. May 29, 2019); see *Fed. R. Civ. P*. 10(a) (stating that "[t]he title of [a] complaint must name all the parties"); *Doe v. Blue Cross & Blue Shield,* 112 F.3d. 869, 872 (7th Cir. 1997). Because courts lack personal jurisdiction over fictitious defendants, claims asserted against them can be dismissed sua sponte. See *King v. Forest*, No. 3:08-CV-1405-L, 2008 WL 4951049, at * 4 (N.D. Tex. Nov. 14, 2008).

Like the Doe Defendants in *Farber* [and many other cases], the five fictitious "John/Jane Doe" Defendants herein should be dismissed with prejudice.

### D.    Court can and should also dismiss the unserved Doe Defendants because some grounds for dismissal of City also apply to these unserved defendants

Although the fictitious "Doe" Defendants are not proper parties herein as discussed above, to the extent that Plaintiff may try to amend to add specific individuals, such ploy must be denied.

While these unserved and yet specifically identified Defendants obviously did not join in this MOTION TO DISMISS, "[w]here a defending party establishes that a Plaintiff has no cause of action, the defense generally also inures to the benefit of a defaulting or unserved defendant." See *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001); see also *McCarty v. Zapata Cnty.*, 243 F. App'x 792, 794 (5th Cir. 2007)(unpublished). This Court could reasonably find no distinction here where the claims asserted against the City fail to allege any plausible claims, such that the benefit of the MOTION TO DISMISS presented by the City should inure to the individual "Doe" police officers, whether specifically identified or not.  Simply put, for some of the reasons compelling dismissal of the City [i.e. lack of any constitutional deprivations, which is a core element of Qualified Immunity], the underlying "Doe" Defendants should be dismissed with prejudice as well.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS,** prays that the Court grant their MOTION TO DISMISS; that it dismiss the Plaintiff's claims, and that the City have such other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By:    /s/ *Robert J. Davis*
       **ROBERT J. DAVIS**
       State Bar No. 05543500
       **KYLE THOMAS BARRY**
       State Bar No. 24122284
       **MATTHEWS, SHIELS, KNOTT,**
       **EDEN, DAVIS & BEANLAND, L.L.P.**
       8131 LBJ Freeway, Suite 700
       Dallas, Texas 75251
       972/234-3400 (office)
       972/234-1750 (telecopier)
       bdavis@mssattorneys.com
       kbarry@mssattorneys.com

       **ATTORNEYS FOR DEFENDANT**
       **CITY OF SOUTHLAKE, TEXAS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

      /s/ *Robert J. Davis*
      **ROBERT J. DAVIS**