# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **ZDENKA WILCOX** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cv-147** |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS, et al.** | § | |

## CITY OF SOUTHLAKE, TEXAS' MOTION TO DISMISS UNSERVED DEFENDANTS

COMES NOW **CITY OF SOUTHLAKE, TEXAS**, the only served of eleven Defendants, pursuant to FED. R. CIV. P. 4(m), and files their MOTION TO DISMISS UNSERVED DEFENDANTS, and would show as follows:

### I.
### Introduction, Procedural History, and Plaintiff's Failure to Serve other Ten Defendants

Plaintiff sues the City of Southlake and ten other Defendants bringing claims under 42 U.S.C. §1983 and *Monell* for an alleged Procedural Due Process claim.[1]  Plaintiff's lawsuit began on February 11, 2026, when she filed her COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (ECF No. 1), just against the City. Faced with the City's MOTION TO DISMISS (ECF NO. 6), on March 30, 2026, she filed her FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (ECF No. 8), in which she now sues the City of Southlake, five unserved individual Defendants [in both their individual and official capacities],[2] and five unnamed and unserved "Doe" Officer Defendants,[3] again bringing claims under 42 U.S.C. §1983 and *Monell* for the same alleged Procedural Due

---

[1] See, generally, Plaintiff's FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (hereinafter "Plaintiff's FIRST AMENDED COMPLAINT")[ECF No. 8]

[2] This includes Officer Braeden Whitman, Detective Thomas Roberson, Captain Jason Henninger, Chief Ashleigh Casey, and Records Manager Sarah Blum. See, "Plaintiff's FIRST AMENDED COMPLAINT")[ECF No. 8], paragraphs III(C)(24)-(40), p. 5-8

[3] Plaintiff's AMENDED COMPLAINT [ECF No. 8], paragraphs III(D)(41)-(44), p. 8 ("John/Jane Does 1-5")

Process claim. The City has filed its FIRST AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT (ECF No. 10), seeking dismissal of Plaintiff's claims against it as well as requesting dismissal of the "Doe" Defendants and the unserved individual Defendants.[4]

Plaintiff never even requested SUMMONS for the ten additional defendants,[5] nor have any additional defendants been served and/or waived service. The deadline to do so has now expired, see FED. R. CIV. P. 4(m), and these ten additional yet unserved Defendants should be dismissed, as discussed more fully below.

**II.**
**Applicable Law and 90 Day Deadline to Serve Defendants has Passed**

Federal Rules of Civil Proedure Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id*.4(l)(1).

If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id*. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr*., 870 F.3d 365, 369 (5th Cir. 2017); *Lombard v. Schober*, 2023 WL 3327084, 2023 U.S. Dist. LEXIS 81849, at *3, (N.D. Tex., April 21, 2023), Adopted by, Dismissed by, Without prejudice, Judgment entered by *Lombard v. Schober*, 2023 U.S. Dist. LEXIS 80707 (N.D. Tex., May 9, 2023); *Cantu v. City of Fort Worth*

---

[4]See, City of Southlake's FIRST AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT [ECF No. 10, paragraphs V(d) and (e), p. 22-23.

[5]See, CIVIL DOCKET for Case# 4:26-cv-147

*Police*, 2024 WL 1243096, 2024 U.S. Dist. LEXIS 53377, (N.D. Tex., March 4, 2024), Adopted by, Dismissed by, Without prejudice, Motion denied by, As moot, Judgment entered by *Cantu v. City of Fort Worth Police*, 2024 U.S. Dist. LEXIS 51176, 2024 WL 1251521 (N.D. Tex., Mar. 21, 2024); *Hollis v. Tarrant County*, 2022 WL 827812, 2022 U.S. Dist. LEXIS 48424, at*2 (N.D. Tex., May 3, 2022), Adopted by, Dismissed by, Without prejudice, Summary judgment denied by, As moot, Motion denied by, As moot, Judgment entered by *Hollis v. Tarrant County*, 2022 U.S. Dist. LEXIS 48379 (N.D. Tex., Mar. 18, 2022).

Here, Plaintiff's AMENDED COMPLAINT [ECF No. 8] was filed on March 30, 2026, making the ninety (90) day deadline to serve the newly added Defendants on or before June 28, 2026. Plaintiff wholly failed to do so; in fact, she did not even request SUMMONS for the nine Defendants.

### III.
### Court should decline to allow late service since Plaintiff
### cannot show good cause for her failure to timely serve Defendants

While Rule 4(m) does allow the Court the discretion to "extend the time for service for an appropriate period" upon a showing of good cause, it is evident here that (1) good cause for Plaintiff's failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period does not exist.

As a threshold issue, Plaintiff never even bothered to request that any SUMMONS to be prepared for the five Individual Defendants or the five "Doe" Defendants. Plaintiff clearly knew how to properly effect service under Rule 4 as she was able request a SUMMONS for the City of Southlake (ECF No. 4) and timely serve it (ECF No. 5). Thus, Plaintiff cannot credibly suggest she was exercising due diligence in service when the first basic step to effectuate service - request for issuance of a SUMMONS - was not even taken.

Nor can Plaintiff claim any impediment in identifying the fivc individual Police Defendants; she lists them by their full name and job title with the City of Southlake Police Department.[6] Locating their address for service at the Police Department could be done in a matter of minutes with a simple Internet search for the business address of the City of Southlake Police Department.[7]

Further, good cause is lacking because inclusion of the "Doe" Defendants is futile.[8] Moreover, not only are the claims against the Individual Defendants implausible for a variety of reasons detailed by the City in its pending FIRST AMENDED MOTION TO DISMISS (ECF No. 10), but the Individual Defendants are also entitled to Qualified Immunity. Again, the City has already sought dismissal of these ten unserved Defendants, so bringing them in at this juncture would be a waste of both the Court's and the parties' resources.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS,** prays that the Court grant their MOTION TO DISMISS UNSERVED DEFENDANTS; that Defendants Officer Braeden Whitman, Detective Thomas Roberson, Captain Jason Henninger, Chief Ashleigh Casey, Records Manager Sarah Blum, and "John/Jane Does 1-5" be dismissed without prejudice; that the Court dismiss the Plaintiff's claims, and that the City of Southlake have such other relief, at law or in equity, to which it may show itself justly entitled.

---

[6]See, Plaintiff's FIRST AMENDED COMPLAINT[ECF No. 8], paragraphs III(C)(24)-(40), p. 5-8

[7]See, https://www.cityofsouthlake.com/1378/Police-Department

[8]See, City of Southlake's FIRST AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT [ECF No. 10, paragraphs V(d) and (e), p. 22-23.

Respectfully submitted,

By:   /s/ *Robert J. Davis*

**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS,  SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**CITY OF SOUTHLAKE, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

/s/ *Robert J. Davis*

**ROBERT J. DAVIS**