| | | |
|---|---|---|
| ZDENKA WILCOX, | § | Civil Action No. 4:26-cv-147 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF SOUTHLAKE, TEXAS; | § | |
| JOHN/JANE DOES 1–5, | § | |
| in their individual and official capacities, | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO CITY OF SOUTHLAKE'S MOTION TO DISMISS UNSERVED DEFENDANTS

### INTRODUCTION

The City of Southlake moves under Federal Rule of Civil Procedure 4(m) to dismiss what it characterizes as "ten" unserved defendants. The First Amended Complaint names the City of Southlake and John/Jane Does 1–5 in the case caption while also alleging the conduct and respective roles of several identified City employees. The City's Rule 4(m) Motion nevertheless treats those factual allegations as though they independently created five additional defendants requiring service under Rule 4(m). As to the Doe defendants, Rule 4(m) permits the Court to extend the time for service upon a showing of good cause and, even absent good cause, vests the

1

Court with discretion to allow additional time. The City's motion nevertheless goes beyond the service question presented by Rule 4(m). It requests merits determinations concerning qualified immunity, pleading sufficiency, futility, and municipal liability. Those issues are ordinarily resolved under Rule 12(b)(6) or Rule 56, not Rule 4(m). This procedural overreach should be rejected.

**STATEMENT OF FACTS**

**A. Procedural History**

Plaintiff filed her original Complaint on February 11, 2026 (ECF No. 1), naming the City of Southlake as the sole defendant. The Clerk issued summonses on February 12, 2026 (ECF No. 4). The City filed its Motion to Dismiss on March 13, 2026 (ECF No. 6).

Plaintiff filed her First Amended Complaint on March 30, 2026 (ECF No. 8). The First Amended Complaint names the City of Southlake and John/Jane Does 1–5 in the caption. It also identifies several City employees and alleges their respective roles in the events giving rise to Plaintiff's claims. On March 31, 2026, the Court denied the City's original Motion to Dismiss as moot (ECF No. 9).

The City thereafter filed its Amended Motion to Dismiss (ECF No. 10). Plaintiff filed her Response (ECF No. 13), and the City filed its Reply (ECF No. 14).

On July 2, 2026, the City filed the present Motion to Dismiss Unserved Defendants (ECF No. 16). As of that filing, the ninety-day period prescribed by Rule 4(m), measured from the filing of the First Amended Complaint, had expired.

The City thereafter filed a Motion to Stay Discovery and Initial Disclosures (ECF No. 17), seeking to postpone the exchange of discovery and disclosures pending resolution of its dispositive motions.

**B. Plaintiff Actively Prosecuted This Action During the Rule 4(m) Period**

During the Rule 4(m) period, Plaintiff continuously prosecuted this action through active motion practice concerning the sufficiency of the First Amended Complaint. Plaintiff complied with the Court's scheduling orders, timely responded to the City's Amended Motion to Dismiss, and otherwise actively litigated this matter. The City does not contend that Plaintiff abandoned this action, failed to comply with any Court order, or engaged in contumacious or dilatory conduct.

**C. The Identities of Additional Responsible Individuals Remain Within the City's Control**

The First Amended Complaint alleges that multiple City employees participated in the events giving rise to Plaintiff's claims, including the creation, review, maintenance, supervision, and continued use of the official records at issue. The operative pleading further alleges that additional City employees and officials participated in, supervised, reviewed, approved, or ratified the challenged conduct, but that their identities and specific roles remain unknown to Plaintiff.

Plaintiff alleges that the identities and capacities of the John/Jane Doe Defendants are presently unknown because the information necessary to identify those individuals is within the possession, custody, or control of the City. The First Amended Complaint expressly states that Plaintiff will seek leave to substitute the true identities of those individuals once they are ascertained through discovery.

The operative pleading principally challenges the City's own policies, customs, practices, failures to train or supervise, and ratified conduct under 42 U.S.C. § 1983. It further alleges that additional responsible individuals remain unidentified because their identities and roles are within the City's possession, custody, or control, and expressly provides that those individuals will be substituted once identified through discovery.

**D.  The City's Rule 4(m) Motion Improperly Seeks Merits Determinations**

The City's Motion asks the Court to resolve issues that extend beyond the limited inquiry presented by Rule 4(m). Rather than addressing only whether dismissal or an extension of time for service is appropriate, the City asks the Court to resolve issues of pleading sufficiency, qualified immunity, futility, and municipal liability that are ordinarily addressed under Rule 12(b)(6), Rule 56, or after the relevant parties have appeared. Specifically, the City argues that inclusion of the John/Jane Doe Defendants would be "futile," that identified City employees are entitled to qualified immunity, and that permitting service would unnecessarily expend judicial and party resources. (ECF No. 16 at 4.)

Those arguments do not answer the question presented by Rule 4(m). Rule 4(m) concerns the timeliness of service and the Court's authority to dismiss or extend the time for service. It is not a procedural vehicle for resolving whether Plaintiff has stated a claim, whether qualified immunity ultimately applies, whether municipal liability can be established, or whether continued litigation would be efficient.

Even accepting the City's characterization of the First Amended Complaint solely for purposes of the present motion, Rule 4(m) does not authorize the Court to determine whether qualified immunity applies, whether amendment would be futile, whether Plaintiff has adequately pleaded

4

municipal liability, or whether the merits otherwise favor dismissal. Those issues are governed by different procedural standards and should not be resolved in the context of a Rule 4(m) motion.

Moreover, the City's motion assumes that the factual allegations concerning identified City employees require the Court, in the context of Rule 4(m), to treat those individuals as separately served defendants. The First Amended Complaint names the City of Southlake and John/Jane Does 1–5 in the case caption while also describing the conduct and respective roles of several City employees. Whether those allegations are sufficient to support claims against additional individuals, whether amendment or substitution is appropriate following discovery, or whether those individuals may assert personal defenses are questions distinct from the Rule 4(m) inquiry presently before the Court.

Finally, the City's assertion that further proceedings would be a "waste of resources" improperly conflates procedural service issues with the merits of Plaintiff's claims. Plaintiff alleges that the identities, responsibilities, supervisory authority, and policymaking roles of additional responsible individuals remain within the City's possession and control. Discovery directed toward those matters bears directly upon Plaintiff's municipal-liability allegations and the eventual identification of the Doe Defendants. Rule 4(m) should not be employed to foreclose that process before discovery has commenced.

Accordingly, the Court should confine its analysis to the issue presented by Rule 4(m): whether dismissal is warranted or whether, in the exercise of its discretion, additional time for service should be permitted.

**LEGAL STANDARD**

### A. Rule 4(m) Framework

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008). Even absent good cause, however, district courts retain discretion to extend the time for service. The Fifth Circuit has held that Rule 4(m) grants district courts discretion to extend the time for service even when the plaintiff does not establish good cause, thereby distinguishing Rule 4(m) from its predecessor, former Rule 4(j). *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

### B. Good Cause Standard

Good cause under Rule 4(m) requires at least as much as would be required to establish excusable neglect. Simple inadvertence, mistake of counsel, or ignorance of the rules ordinarily does not suffice. Rather, the plaintiff must demonstrate good faith and a reasonable basis for failing to comply with the prescribed time for service. *Lambert v. United States*, 44 F.3d 296, 298–99 (5th Cir. 1995); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

When dismissal under Rule 4(m) would effectively operate as a dismissal with prejudice because the applicable statute of limitations has expired, the Fifth Circuit requires the district court to consider whether there is a clear record of delay or contumacious conduct and whether lesser

sanctions would better serve the interests of justice before imposing dismissal. *Millan v. USAA General Indemnity Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008).

**C. Scope of Rule 4(m)**

Rule 4(m) governs the timeliness of service of process and the Court's authority to dismiss or extend the time for service. Questions concerning pleading sufficiency, qualified immunity, municipal liability, and summary judgment are governed by Rules 12 and 56 and are resolved under those standards, not Rule 4(m).

**ARGUMENT**

**A. The Court Should Exercise Its Discretion to Extend the Time for Service**

Rule 4(m) expressly authorizes the Court to extend the time for service. Throughout the Rule 4(m) period, Plaintiff actively prosecuted this action, complied with the Court's scheduling orders, and litigated the City's pending Rule 12(b)(6) motion. The City does not contend that Plaintiff abandoned the litigation, ignored any court order, or engaged in contumacious conduct. Nor does the City identify any prejudice resulting from the brief delay in service. Under these circumstances, the Court should exercise its discretion to extend the time for service. This context distinguishes the present case from those where plaintiffs failed to act despite clear notice of defects, ignored court warnings, or demonstrated prolonged inactivity. *Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993).

Throughout the Rule 4(m) period, Plaintiff also timely pursued the exchange of initial disclosures and sought narrowly tailored discovery directed to the identification of the John/Jane Doe Defendants and the factual allegations underlying the First Amended Complaint. The City has opposed those efforts by seeking to stay discovery and initial disclosures pending resolution

7

of its dispositive motions. Under these circumstances, the record reflects diligence and good-faith prosecution of this action rather than neglect, abandonment, or contumacious conduct.

Here, Plaintiff was actively litigating the case throughout the relevant period. The Fifth Circuit has recognized that good cause may exist where a plaintiff acts in good faith and has a reasonable basis for noncompliance. *Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985). Moreover, the delay was relatively brief, and the City does not allege prejudice. The Fifth Circuit has reversed dismissals under Rule 4(m) where the record showed good-faith service attempts, a short delay, and no prejudice to the defendant. *Millan v. USAA General Indemnity Co.*, 546 F.3d 321 (5th Cir. 2008).

An extension of time is particularly appropriate here because the First Amended Complaint alleges that the identities and respective roles of the John/Jane Doe Defendants remain uniquely within the City's possession, custody, or control. An extension will permit Plaintiff to obtain the information necessary through discovery, seek substitution of the Doe Defendants once their identities are ascertained, and effect service on the properly identified parties.

**B. Even Absent Good Cause, the Court Has Discretion to Extend Time**

Rule 4(m) grants district courts discretion to extend the time for service even when good cause has not been shown. Upon expiration of the service period, the Court may either dismiss the action without prejudice or direct that service be effected within a specified time. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Under the circumstances presented here, the Court should exercise that discretion in favor of an extension.

Plaintiff has continuously prosecuted this action, complied with the Court's scheduling orders, and actively litigated the City's pending Rule 12(b)(6) motion. The City identifies no prejudice resulting from the brief delay in service, and the First Amended Complaint alleges that the identities and respective roles of the Doe Defendants remain within the City's possession, custody, or control. An extension will permit Plaintiff to obtain the information necessary through discovery, seek substitution of the Doe Defendants once their identities are ascertained, and effect service upon the properly identified parties.

## C. The Heightened Standard for Effectively Time-Barred Claims Does Not Warrant Dismissal

Although Plaintiff's claims may be subject to a statute of limitations, the Fifth Circuit's heightened standard for dismissal applies only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the interests of justice. *Millan v. USAA General Indemnity Co.*, 546 F.3d 321 (5th Cir. 2008).

Here, the record contains no clear pattern of delay, contumacious conduct, or disregard of the Court's orders. Plaintiff actively prosecuted this action throughout the Rule 4(m) period, complied with the Court's scheduling orders, and litigated the City's pending Rule 12(b)(6) motion. The Fifth Circuit has reversed dismissals under Rule 4(m) where the plaintiff acted in good faith, the delay was relatively brief, and no prejudice or intentional misconduct was shown. *Millan v. USAA General Indemnity Co.*, 546 F.3d 321 (5th Cir. 2008).

Because the record reflects active prosecution of this action, no contumacious conduct, and no identified prejudice to the City, the heightened standard applicable where dismissal would

effectively bar refiling weighs strongly against dismissal and in favor of an extension under Rule 4(m).

**D. The City's Motion Improperly Seeks Merits Determinations Outside the Scope of Rule 4(m)**

The City argues that dismissal is warranted because the individual defendants are purportedly entitled to qualified immunity. That argument exceeds the limited inquiry presented by Rule 4(m). Qualified immunity is an affirmative defense that protects individual government officials from liability for civil damages and requires a fact-specific determination regarding the conduct of the particular official and the state of clearly established law. *Colle v. Brazos County*, 981 F.2d 237 (5th Cir. 1993).

Even accepting the City's characterization of the First Amended Complaint solely for purposes of this motion, Rule 4(m) does not authorize the Court to determine whether qualified immunity ultimately applies. That issue ordinarily is resolved after service of process, appearance by the affected defendant, and consideration under the standards governing Rules 12 or 56. A motion directed solely to the timeliness of service is not the proper procedural vehicle for adjudicating qualified immunity.

Accordingly, the City's qualified-immunity arguments provide no proper basis for dismissal under Rule 4(m).

**E. Pleading Sufficiency and Futility Are Not Proper Bases for Dismissal Under Rule 4(m)**

The City argues that inclusion of the John/Jane Doe Defendants would be "futile" and that Plaintiff's claims against the individual defendants are implausible. Those arguments seek merits

determinations that fall outside the limited scope of Rule 4(m). Questions concerning pleading sufficiency are governed by Rule 12(b)(6), not Rule 4(m), and the City has already presented those arguments in its pending Rule 12(b)(6) motion.

Likewise, the City's assertion of "futility" does not expand the scope of Rule 4(m). Whether Plaintiff has adequately pleaded municipal liability, whether amendment ultimately would be warranted, or whether the claims can survive a Rule 12(b)(6) challenge are merits questions governed by the standards applicable to Rules 12, 15, and, where appropriate, Rule 56. They do not provide an independent basis for dismissal under Rule 4(m).

Accordingly, the City's pleading-sufficiency and futility arguments should be addressed, if at all, through the procedural mechanisms specifically provided by the Federal Rules, not in the context of a motion directed solely to the timeliness of service.

**F.   Municipal Liability Should Not Be Decided Before Discovery**

The City argues that dismissal is appropriate because it has already challenged the sufficiency of Plaintiff's municipal-liability allegations in its pending Rule 12(b)(6) motion and contends that permitting additional service would be a "waste of both the Court's and the parties' resources." That argument assumes the merits of the City's Rule 12(b)(6) motion and asks the Court to resolve disputed issues of municipal liability in the context of a Rule 4(m) motion.

The First Amended Complaint alleges that additional City employees and officials participated in, supervised, reviewed, approved, or ratified the challenged conduct, but that their identities and specific roles remain unknown because that information is uniquely within the City's possession, custody, or control. The identities and responsibilities of those individuals are

11

directly relevant to Plaintiff's municipal-liability allegations, including the existence of municipal policies, customs, practices, failures to train or supervise, and ratification.

Premature dismissal of the Doe Defendants before Plaintiff has an opportunity to obtain limited discovery would foreclose identification of the individuals whose conduct and decision-making are alleged to support Plaintiff's municipal-liability claims. Whether Plaintiff ultimately can establish municipal liability is a merits question governed by Rule 12 or Rule 56, not Rule 4(m). *Colle v. Brazos County*, 981 F.2d 237 (5th Cir. 1993).

**G.  Limited Discovery Is Appropriate to Identify Doe Defendants**

The First Amended Complaint names John/Jane Doe Defendants because Plaintiff alleges that additional City employees and officials participated in, supervised, reviewed, approved, or ratified the challenged conduct, but that their identities and specific roles remain unknown. The operative pleading further alleges that the information necessary to identify those individuals is uniquely within the City's possession, custody, or control.

The City's pending Motion to Stay Discovery and Initial Disclosures (ECF No. 17) further underscores that, absent relief from the Court, Plaintiff has no practical means of identifying the Doe Defendants because the information necessary to do so remains within the City's possession, custody, or control.

Limited discovery directed to the City is necessary to identify those individuals and determine their respective responsibilities, supervisory authority, and involvement in the events alleged in the First Amended Complaint. Plaintiff seeks only the information necessary to identify the Doe

Defendants so that their true identities may be substituted and service effected upon the appropriate parties.

Dismissing the Doe Defendants before Plaintiff has an opportunity to obtain that limited discovery would prematurely foreclose identification of potentially responsible individuals whose identities are alleged to be uniquely within the City's knowledge. Because Rule 4(m) expressly authorizes the Court to extend the time for service, the more appropriate course is to permit limited discovery, allow substitution of the Doe Defendants once identified, and thereafter permit service upon the properly identified parties.

## H.  The Requested Relief Furthers the Purposes of Rule 4(m)

Rule 4(m) is intended to promote the timely service of process while preserving the Court's discretion to permit additional time where the circumstances warrant. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Under the circumstances presented here, an extension of time furthers the purposes of Rule 4(m). Plaintiff has actively prosecuted this action, complied with the Court's scheduling orders, and the City identifies no prejudice resulting from the brief delay in service. The First Amended Complaint further alleges that the identities and respective roles of the John/Jane Doe Defendants remain uniquely within the City's possession, custody, or control. An extension will permit Plaintiff to obtain the limited discovery necessary to identify those individuals, seek substitution of the Doe Defendants once their identities are ascertained, and thereafter effect service upon the properly identified parties.

Dismissal at this stage would not materially advance the efficient resolution of this action. Instead, it would prematurely foreclose identification of potentially responsible individuals before Plaintiff has had a meaningful opportunity to obtain information uniquely within the City's possession, custody, or control. Exercising the Court's discretion to extend the time for service better serves the interests of justice, judicial economy, and resolution of this action on its merits.

**CONCLUSION**

The City's Motion asks the Court to resolve issues that extend beyond the limited inquiry presented by Rule 4(m). Whether qualified immunity ultimately applies, whether Plaintiff has adequately pleaded municipal liability, or whether the claims can withstand a Rule 12(b)(6) challenge are merits questions governed by other provisions of the Federal Rules, not Rule 4(m). The record demonstrates that Plaintiff actively prosecuted this action throughout the Rule 4(m) period, complied with the Court's scheduling orders, and did not engage in contumacious conduct or otherwise abandon the litigation. The City identifies no prejudice resulting from the brief delay in service. Moreover, the First Amended Complaint alleges that the identities and respective roles of the John/Jane Doe Defendants remain uniquely within the City's possession, custody, or control. Under these circumstances, Rule 4(m) authorizes the Court to exercise its discretion to permit additional time for service rather than dismiss potentially viable claims before Plaintiff has had a meaningful opportunity to identify the appropriate parties through limited discovery.

Accordingly, Plaintiff respectfully requests that the Court:

1. Deny the City's Motion to Dismiss Unserved Defendants;

2. Grant Plaintiff an extension of time under Rule 4(m) to identify, substitute, and serve the appropriate defendants;

3. Permit Plaintiff to conduct limited discovery directed to identifying the John/Jane Doe Defendants and the roles of additional responsible City employees alleged in the First Amended Complaint;

4. Grant Plaintiff leave to substitute the true identities of the John/Jane Doe Defendants once that information has been obtained through discovery; and

5. Grant such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Brian D. Wilcox
Brian D. Wilcox
State Bar No. CA 244096
Brian D. Wilcox Law, PLLC
Southlake, Texas 76092
Telephone: (949) 533-7530
 Email:
Brian@BrianDWilcoxLaw.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Brian D. Wilcox
Brian D. Wilcox