UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| ZDENKA WILCOX, | § | Civil Action No. 4:26-cv-147 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF SOUTHLAKE, TEXAS; | § | |
| JOHN/JANE DOES 1–5, | § | |
| in their individual and official capacities, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**THE DEFENDANT SEEKS TO PREVENT PLAINTIFF FROM DISCOVERING THE VERY MUNICIPAL POLICIES IT ARGUES PLAINTIFF HAS FAILED TO IDENTIFY**

The City of Southlake presents this Court with a proposition that would render *Monell* liability a nullity: dismiss Plaintiff's claims for failure to identify specific municipal policies and customs with greater particularity, while simultaneously prohibiting the only mechanism by which a plaintiff can obtain evidence of those policies—*Rule 26* discovery into records uniquely within the municipality's exclusive possession and control.

This contradiction is the central defect in the Defendant's motion. The Defendant attacks Plaintiff's First Amended Complaint for lacking detail about internal policies, training deficiencies, and policymaker decisions, then seeks a blanket stay preventing Plaintiff from

obtaining the municipal records, communications, and internal documents that would provide precisely that detail. The Defendant cannot have it both ways.

Municipalities do not enjoy qualified immunity and cannot invoke it to shield themselves from discovery. *Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016). Unlike individual officials, the Defendant faces no cognizable burden from targeted discovery into its own policies, customs, and recordkeeping practices. *Williams v. City of Yazoo*, 41 F.4th 416 (5th Cir. 2022).

Plaintiff alleges that City policymakers received actual notice of material inaccuracies in official police records yet failed to correct them or provide any meaningful review mechanism. Whether those allegations are supported by the municipal record is precisely what Rule 26 discovery is designed to test.

Defendant alone possesses the evidence it contends Plaintiff has failed to identify. *Rule 26* exists precisely to permit discovery of such information. The Defendant's motion should therefore be denied.

## A. Municipalities Cannot Invoke Qualified Immunity to Avoid Discovery

The Defendant devotes substantial attention to qualified immunity, arguing that discovery would impose undue burdens on "public official Defendants" and that the issues presented are purely legal questions requiring no factual development. This argument fails at the threshold: the City of Southlake is a municipality, not an individual government official, and municipalities cannot invoke qualified immunity. *Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016); *Allen v. Hays*, 63 F.4th 307 (5th Cir. 2023).

The Fifth Circuit has expressly held that qualified immunity is unavailable to municipalities. "Unlike the individual defendants, the defense of qualified immunity is not available to the town of Ball." *Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016). The Supreme Court established this rule decades ago, and it remains binding. *Williams v. City of Yazoo*, 41 F.4th 416 (5th Cir. 2022).

Accordingly, the procedural protections that shield individual officials from premature discovery—including the rule requiring resolution of qualified immunity before permitting discovery against those officials—do not apply to municipal defendants. *Williams v. City of Yazoo*, 41 F.4th 416 (5th Cir. 2022).

The Defendant acknowledges that the individual defendants in this case have not been served and have not asserted qualified immunity. The Defendant cannot invoke qualified immunity on behalf of unserved third parties to shield itself from discovery into its own policies, customs, and practices. Even if individual defendants later appear and assert qualified immunity, that would not justify staying discovery as to the Defendant.

Municipal liability under *Monell* is independently alleged and requires its own factual inquiry into municipal policies, customs, training, supervision, and ratification. *Allen v. Hays*, 63 F.4th 307 (5th Cir. 2023).

The Defendant's reliance on qualified immunity is misplaced as a matter of law and fails to provide any basis for the requested protective order.

**B. Plaintiff's Municipal Liability Claims Require Discovery Into Evidence Exclusively Within the Defendant's Possession**

Municipal liability under 42 U.S.C. § 1983 requires proof of three elements: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Allen v. Hays*, 63 F.4th 307 (5th Cir. 2023).

Each element depends on evidence that lies exclusively within the Defendant's possession, custody, and control.

To establish the existence of an official policy or custom, Plaintiff must obtain and review:

- Written policies, procedures, and directives governing the creation, maintenance, review, and correction of official police records;

- Training materials and protocols provided to officers regarding recordkeeping, domestic violence reports, and complaint procedures;

- Supervisory communications, directives, and internal memoranda concerning the handling of requests for record correction;

- Complaint histories, disciplinary records, and investigative files concerning similar incidents involving inaccurate or misleading police records.

 To establish knowledge by policymakers, Plaintiff must obtain:

- Records reflecting policymaker decisions, including communications among the City Manager, City Council, Chief of Police, and other senior officials;

- Electronic communications and internal correspondence concerning Plaintiff's case, including communications with or involving City Councilmember Kathy Talley;

- Records reflecting the Defendant's response to Plaintiff's formal written notice of January 30, 2026 Texas Public Information Act request, including any internal review, investigation, or decision not to take corrective action.

To establish causation, that the policy was the "moving force" behind the constitutional violation, Plaintiff must trace the chain from policy to injury through municipal records demonstrating how the Defendant's practices led to the continued maintenance and use of

materially inaccurate records in judicial proceedings. None of this evidence is publicly available. None of it is within Plaintiff's possession. Every category of evidence necessary to evaluate Plaintiff's *Monell* allegations is maintained by the Defendant, not Plaintiff. And every category is unavailable absent discovery. All of it is uniquely within the Defendant's control. The existence of a policy can be shown through "evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010).

It can also be shown through "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Sanders-Burns v. City of Plano*, 594 F.3d 366 (5th Cir. 2010).

Both avenues require access to municipal records. A plaintiff cannot demonstrate a "persistent, widespread practice" without complaint histories, disciplinary files, and records of similar incidents. *Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001).

A plaintiff cannot prove that a policymaker had "actual or constructive knowledge" of a custom without internal communications, supervisory directives, and policymaker correspondence. *Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010).

The Defendant argues that Plaintiff has failed to identify an official policy or custom sufficient to support *Monell* liability. Yet the Defendant simultaneously seeks to prevent Plaintiff from obtaining the very evidence necessary to identify those policies. This creates an insurmountable

Catch-22: the Defendant attacks the pleadings for lack of specificity while blocking access to the information that would provide that specificity.

A municipality cannot use its exclusive control over evidence as both a shield against discovery and a sword to attack the sufficiency of the pleadings. To permit such a strategy would endorse a procedural regime in which municipalities are effectively immune from *Monell* liability simply by withholding evidence of their own policies.

**C. *Rule 26* Discovery Is the Mechanism for Testing *Monell* Allegations**

Defendant's motion improperly conflates two distinct stages of federal litigation. *Rule 8* requires a plaintiff to plead sufficient factual allegations to state a plausible claim for relief. *Rule 26* serves a different purpose: it provides the mechanism by which parties obtain evidence to prove or disprove those allegations.

Defendant argues Plaintiff lacks evidence establishing unpublished municipal policies while simultaneously seeking to prohibit discovery into the very records capable of supplying that evidence. The Federal Rules do not require a plaintiff to possess a municipality's internal files before discovery begins.

*Federal Rule of Civil Procedure 26* authorizes discovery regarding "any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993).

The discovery rules serve to "narrow and clarify the basic issues between the parties" and function as a vehicle for locating the sources of relevant facts and eventually, ascertaining those facts. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993).

The Federal Rules of Civil Procedure were designed to ensure that "civil trials in the federal courts no longer need be carried on in the dark." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993).

The requested stay would prevent that process from occurring. The Defendant requests a blanket stay of all discovery, abatement of the *Rule 26(f)* conference, and postponement of all scheduling requirements pending resolution of its Motion to Dismiss. This sweeping relief would prevent Plaintiff from obtaining any evidence to substantiate her municipal liability claims, effectively deciding those claims on the pleadings without any factual development.

There is no automatic stay of discovery merely because a *Rule 12(b)(6)* motion is pending. *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513 (5th Cir. 1993). A district court may stay discovery where "discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law," but where discovery is necessary to test the factual allegations underlying claims that survive the motion-to-dismiss standard, a stay is inappropriate.

Plaintiff's municipal liability claims are not purely legal questions. They require factual inquiry into the Defendant's policies, customs, training, supervision, and policymaker decisions— questions that cannot be resolved without reference to municipal records. The Defendant's Motion to Dismiss challenges whether Plaintiff has adequately pleaded municipal liability, not whether municipal liability can be proven. Discovery is the mechanism for determining whether the factual allegations can be substantiated.

The party seeking a protective order bears the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Generalized or unsupported assertions of burden are insufficient.

The Defendant offers only conclusory assertions that discovery would be burdensome and that its pending Motion to Dismiss presents "threshold legal issues" requiring no discovery. The Defendant does not identify what specific discovery requests impose undue burden, does not quantify the burden, and does not explain why targeted discovery into municipal policies and practices would be irrelevant to the pending motion.

Protective orders must be supported by concrete factual showings, not "stereotyped and conclusory statements." The Defendant's motion falls far short of that standard.

## D. The Defendant's Catch-22 Would Eviscerate *Monell* Liability

The central defect of the Defendant's motion is that it would create an impossible standard for *Monell* plaintiffs: plead unpublished municipal policies with specificity, or be dismissed, but do not seek discovery into the municipal records that would reveal those policies.

Fifth Circuit precedent confirms that a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Allen v. Hays*, 63 F.4th 307 (5th Cir. 2023).

The Defendant does not dispute this framework. Instead, the Defendant argues that Plaintiff has failed to satisfy it at the pleading stage and therefore should be denied the opportunity to satisfy

it through discovery. But a municipality's official policies are not matters of public record. Training materials, supervisory directives, internal memoranda, complaint histories, and policymaker communications are not published in municipal codes or accessible through public information requests.

The Defendant's conduct in this case illustrates why *Rule 26* discovery is necessary. Before this action was filed, Plaintiff sought relevant records through the Texas Public Information Act. The Defendant resisted disclosure, and the Texas Attorney General ultimately rejected the Defendant's asserted basis for withholding certain materials and directed their release. Plaintiff does not offer this history as an independent basis for relief. Rather, it illustrates that relevant municipal records have not been reasonably accessible outside the discovery process. That history underscores why discovery under the Federal Rules is the appropriate—and, in many respects, the only—mechanism by which Plaintiff can obtain evidence uniquely within the Defendant's possession.

The only mechanism by which a municipal liability plaintiff can obtain this evidence is *Rule 26* discovery. Without it, the plaintiff is left to speculate about the contents of municipal files, the substance of policymaker communications, and the existence of customs or practices that may not be reflected in any published document. The Defendant's position would require plaintiffs to plead with particularity facts they cannot know and then deny them the procedural tool designed to ascertain those facts.

Plaintiff has alleged that multiple City officials across different levels of authority, including supervisory personnel, command staff, the Chief of Police, and at least one City Councilmember, received actual notice of material inaccuracies in official police records and failed to take

corrective action. Plaintiff alleges that this pattern of conduct reflects a coordinated and ratified course of conduct attributable to the Defendant as official policy. Whether these allegations are accurate depends on internal municipal records: emails, memoranda, meeting minutes, complaint files, and communications among policymakers. The Defendant seeks to prevent Plaintiff from obtaining those records.

If the Court grants the requested stay, Plaintiff will be forced to litigate the Motion to Dismiss without access to the evidence necessary to substantiate her claims. If the Motion to Dismiss is denied and discovery eventually proceeds, the Defendant will have succeeded only in delaying accountability and imposing unnecessary cost and delay on Plaintiff. Either way, the Defendant's strategy is to use its exclusive control over evidence to avoid scrutiny.

The Defendant's position is inconsistent with both *Rule 26* and the principles underlying municipal liability under 42 U.S.C. § 1983. Plaintiff alleges that the Defendant's own institutional decisions, policies, customs, and ratification caused the constitutional injury. By their nature, those matters are reflected in municipal records maintained by the Defendant—not in records available to Plaintiff before discovery. Internal policies, supervisory directives, training materials, complaint histories, policymaker communications, and investigative records are all maintained by the Defendant and are not ordinarily available through public sources. *Rule 26* exists precisely to permit discovery of information uniquely within an opposing party's possession. The Defendant cannot argue that Plaintiff lacks proof of unpublished municipal policies while simultaneously seeking to prohibit discovery into the only records capable of supplying that proof.

**E.  Plaintiff Has Alleged Specific Facts Sufficient to Proceed to Discovery**

Plaintiff has already alleged repeated notice to City policymakers, repeated requests for correction, ratification, and the absence of any meaningful review mechanism. Those allegations are before the Court in the FAC and Plaintiff's Response to Defendant's Motion to Dismiss. Whether those allegations are ultimately supported by municipal records is the purpose of *Rule 26* discovery—not a basis for prohibiting discovery.

**F.  The Defendant's Invocation of Judicial Economy Is Unpersuasive**

The Defendant argues that judicial economy favors a stay because resolving the Motion to Dismiss first may eliminate the need for discovery altogether. A stay is not an economy if it merely postpones inevitable discovery after resolution of the motion.  As such, this argument fails for three reasons.

First, staying discovery would not eliminate the need for discovery; it would merely delay it. The Defendant's argument assumes its Motion to Dismiss will be granted. If the motion is denied, discovery will necessarily proceed. A stay therefore does not eliminate discovery; it merely postpones Plaintiff's access to information uniquely within the Defendant's possession without materially advancing the efficient resolution of this action. If Plaintiff's municipal liability claims survive the Motion to Dismiss—as they should—discovery will be necessary. Delaying discovery does not promote efficiency; it prolongs the litigation and deprives Plaintiff of timely access to evidence in the Defendant's exclusive control.

Second, the Defendant's Motion to Dismiss does not present purely legal questions. *Monell* liability depends on factual determinations concerning the existence of policies, customs, training deficiencies, and policymaker knowledge. *Allen v. Hays*, 63 F.4th 307 (5th Cir. 2023).

Whether Plaintiff has adequately pleaded those elements is a legal question; whether those elements are ultimately supported by evidence is a factual question requiring discovery.

Third, judicial economy does not favor a procedure that would make it structurally impossible for plaintiffs to prove municipal liability. If the Court adopts the Defendant's approach—dismissal for lack of specificity without discovery—it will create a precedent that municipalities can defeat municipal liability claims simply by withholding evidence and moving to dismiss. That is not efficiency; it is immunity by procedural gamesmanship. The Defendant's motion is not a genuine effort to promote judicial economy. It is an attempt to insulate the Defendant from scrutiny and to prevent Plaintiff from obtaining evidence that may substantiate her allegations.

**CONCLUSION**

The Defendant asks this Court to require Plaintiff to identify unpublished municipal policies while simultaneously preventing Plaintiff from obtaining discovery into those same policies, customs, training materials, policymaker communications, and internal records. The Federal Rules do not impose such a requirement. *Rule 8* governs pleading. *Rule 26* governs the discovery of evidence necessary to prove or disprove those pleadings. Defendant alone possesses the evidence it contends Plaintiff has failed to identify. *Rule 26* exists precisely to permit discovery of such information. Defendant's position improperly collapses those distinct stages by arguing Plaintiff lacks evidence while seeking to prohibit the discovery necessary to obtain it.

The Defendant has not demonstrated good cause under *Rule 26(c)*. It cannot invoke qualified immunity on its own behalf, no individual defendant has appeared or asserted qualified immunity, and the discovery sought concerns municipal records uniquely within Defendant's

possession and control. Delaying discovery will not eliminate the need for it; it will only postpone Plaintiff's access to evidence that bears directly on the claims at issue.

Because Defendant has failed to demonstrate good cause under *Rule 26(c)*, and because the discovery sought concerns evidence uniquely within Defendant's exclusive possession and control, Defendant's Motion for Protective Order, Stay of Discovery, and Abatement of *Rule 26* Proceedings should be denied.

Respectfully submitted,

/s/ Brian D. Wilcox
Brian D. Wilcox
State Bar No. CA 244096
Brian D. Wilcox Law, PLLC
Southlake, Texas 76092
Telephone: (949) 533-7530
 Email:
Brian@BrianDWilcoxLaw.com
**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Brian D. Wilcox
Brian D. Wilcox