# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

ZDENKA WILCOX      §
     §
v.      §      Case No. 4:26-cv-147
     §
CITY OF SOUTHLAKE, TEXAS, et al.      §

## CITY OF SOUTHLAKE'S REPLY TO PLAINTIFF'S RESPONSE TO CITY'S MOTION TO DISMISS UNSERVED DEFENDANTS

COMES NOW **CITY OF SOUTHLAKE, TEXAS**, and files their REPLY TO PLAINTIFF'S RESPONSE TO CITY'S MOTION TO DISMISS UNSERVED DEFENDANTS, as follows:

## I.
### Plaintiff's RESPONSE confirms failure to timely serve other ten Defendants and offers nothing to demonstrate good faith for extension of time to serve the other Ten Defendants

Plaintiff's RESPONSE IN OPPOSITION TO CITY OF SOUTHLAKE'S MOTION TO DISMISS UNSERVED DEFENDANTS (ECF No. 18) confirms that Plaintiff did not timely - or ever - serve the additional ten defendants and offers nothing to demonstrate good cause for an extension to do so. Quite frankly, Plaintiff's RESPONSE almost seems like she does not even know who she has sued, suggesting she has only sued an additional five defendants - the "John/Jane Does 1-5" and that the other five specifically identified individuals are somehow not "Defendants" even though they are expressly listed as such.[1] Thus, the resolution of the City's MOTION would thus seem fairly straightforward: take the Plaintiff at her word and find that Officer Braeden Whitman, Detective Thomas Roberson, Captain Jason Henninger, Chief Ashleigh Casey, and Records Manager Sarah Blum are not Defendants and dismiss them, and then determine whether the "Doe" defendants were timely served [they clearly were not] or even should be.

---

[1]See, "Plaintiff's FIRST AMENDED COMPLAINT")[ECF No. 8], paragraphs III(C)(24)-(40), p. 5-8

**II.**
**Plaintiff's contentions about role of specifically named Individual Defendants is specious**

Even a cursory review of Plaintiff's FIRST AMENDED COMPLAINT readily reveals that she identifies by name, job title, and purported conduct five individual Southlake Police Department employees [Officer Braeden Whitman, Detective Thomas Roberson, Captain Jason Henninger, Chief Ashleigh Casey, and Records Manager Sarah Blum], clearly listing each of them as a "Defendant" and unequivocally suing them - in both their individual and official capacities.[2] Yet like an ostrich that buries its head in the sand to avoid obvious dangers, Plaintiff's RESPONSE pretends that she only sues the five "Doe" Defendants and repeatedly describes that his FIRST AMENDED COMPLAINT "names the City of Southlake and John/Jane Does 1-5 in the case caption while also alleging the conduct and respective roles of several identified City employees."[3] They are more than merely "identified City employees" - they are indisputably listed as Defendants. Continuing, Plaintiff suggests that the City is mistaken and thus misinterpreting her pleadings, chiding "The City's Rule 4(m) Motion nevertheless treats those factual allegations as though they independently created five additional defendants requiring service under Rule 4(m)."[4] It is not the City's interpretation about the listed parties which is questionable, it is Plaintiff's spin on her own pleadings which is specious.

So, again, if Plaintiff's RESPONSE is conceding that she did not need to serve Officer Whitman, Detective Roberson, Captain Henninger, Chief Casey, and Records Manager Blum because they are not Defendants, and corresponding [and inherently] that these named individuals are not the five unidentified "Doe" Defendants, then dismissal of the five Individuals should be easy and forthcoming. The City of Southlake certainly does not object to such a result and dismissal.

---

[2] Plaintiff's FIRST AMENDED COMPLAINT [ECF No. 8], paragraphs III(C)(24)-(40), p. 5-8

[3] Plaintiff's RESPONSE [ECF No. 18], p. 1 and 2

[4] Plaintiff's RESPONSE [ECF No. 18], p. 1

## II.
## "Doe" Defendants were never served nor should they be

Plaintiff's position about her admitted failure request any SUMMONS, let alone serve any "Doe" Defendants, is particularly untenable and inconsistent, especially considering the detailed allegations in her pleadings about the five individual Defendants.

Plaintiff describes in her RESPONSE that:

> The First Amended Complaint alleges that multiple City employees participated in the events giving rise to Plaintiff's claims, including the creation, review, maintenance, supervision, and continued use of the official records at issue. The operative pleading further alleges that additional City employees and officials participated in, supervised, reviewed, approved, or ratified the challenged conduct, but that their identities and specific roles remain unknown to Plaintiff.[5]

Presumably, the first sentence relates to the five individual Defendants and the second sentence relates to the five "Doe" Defendants. But this begs the question, i.e., that the individuals who Plaintiff believes are the "Does" are perhaps the same persons she has already named but failed to serve. Plaintiff goes into substantial detail about what each individual Defendant purportedly did[6] - and it appears that their actions are the gravamen of her entire case. In other words, Plaintiff clearly has information/documents about these five individuals and their purported roles regarding the police records which underlie her claims, but now (1) disavows that they are or even should be defendants, (2) confirms she did not and does not want to serve them, yet (3) wants to reserve the right to "substitute the true identities of those individuals [John/Jane Doe Defendants] once they are ascertained through discovery."[7] What emerges is apparently Plaintiff believes that there is a unique and separate set of five folks - not the ones she already clearly identified - who should be sued.

---

[5] Plaintiff's RESPONSE [ECF No. 18], paragraph A(4), p. 2

[6] Plaintiff's FIRST AMENDED COMPLAINT [ECF No. 8], paragraphs III(C)(24)-(40), p. 5-8

[7] Plaintiff's RESPONSE [ECF No. 18], paragraph C, p. 3

**III.**

**Plaintiff fails to demonstrate Good Cause to extend deadline to identify and serve "Does"**

The purportedly problematic police records about over which Plaintiff sues were initially generated on March 19, 2024,[8] which is more than eight hundred and forty four days [two years, three months and twenty two days] ago. Plaintiff repeatedly bemoans that "[P]laintiff has no practical means of identifying the Doe Defendants because the information necessary to do so remains in the City's possession, custody, or control."[9] Plaintiff obviously had sufficient information to identify the five individuals she lists in her lawsuit,[10] so it rings particularly hollow that she could not identify the mystery "Does" and now represents to this Court that she does not have any records from the City - when she indeed has them. Nor does Plaintiff provide any credible explanation [at least in this RESPONSE] of her efforts, if any, to do so for more than twenty seven months and before the Rule 4 deadlines expired.[11]

---

[8] See, i.e., Plaintiff's FIRST AMENDED COMPLAINT [ECF No. 8], paragraphs III(C)(26) p. 6 (Defendant Officer Braeden Whitman was the responding officer who took Plaintiff's March 19, 2024, domestic-violence report and generated the initial official police records associated with case number SPR24000349.").

[9] Plaintiff's RESPONSE [ECF No. 18], paragraph C, p. 3; paragraph A, p. 8; paragraph G, p. 12

[10] Despite her protestations in the instant RESPONSE that she does not have access to City records, tellingly in her RESPONSE to City's Motion to Stay (ECF No. 19) she candidly admits that she was able to get records from the City through the Texas Public Information Act. See, Plaintiff's RESPONSE (ECF No. 19), p. 9 ("Before this action was filed, Plaintiff sought relevant records through the Texas Public Information Act. The Defendant resisted disclosure, and the Texas Attorney General ultimately rejected the Defendant's asserted basis for withholding certain materials and directed their release."). Plaintiff, as she admits, indeed has City records, which would explain the level of specificity in her lawsuit regarding the names, job titles, and activities of the five individual Defendants.

[11] Plaintiff avers that "Throughout the Rule 4(m) period, Plaintiff also timely pursued the exchange of initial disclosures and sought narrowly tailored discovery directed to the identification of the John/Jane Doe Defendants and the factual allegations underlying the First Amended Complaint." See, Plaintiff's RESPONSE [ECF No. 18], paragraph A, p. 7. This a curious spin on the timeline of events and purported attempts at discovery. Recall that the City first sought dismissal on March 30, 2026, see MOTION TO DISMISS (ECF NO. 6), which expressly sought dismissal of the unserved Defendants. It made a similar request in the FIRST AMENDED MOTION TO DISMISS filed April 1, 2026 (ECF No. 10). More recently, the City's OPPOSED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY AND FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND QUALIFIED IMMUNITY was filed on July 2, 2026. Plaintiff's only discovery request to date has been a yet due Request for Production which seeks information about City policies. This hardly suggests diligence on Plaintiff's part in trying to identify the "Doe"defendants. And as footnoted above, Plaintiff already had City records before she filed her lawsuit.

Plaintiff's arguments about good cause and her diligence are also completely misplaced. Plaintiff's narrow focus is only on the prosecution of her claims against the City of Southlake touting that she has "actively prosecuted this action, complied with the Court's scheduling order, and litigated the City's pending Rule 12(b)(6) motion".[12] She further writes that "The City does not contend that the Plaintiff abandoned the litigation, ignored any court order, or engaged in contumacious conduct."[13] Plaintiff misses the mark completely. It is not the prosecution of claims against the City which is the issue; it is Plaintiff's complete failure to take any action to serve the ten Defendants which has now put her in this Rule 4(m) predicament. There is a dearth of any activity by Plaintiff to serve the ten other defendants [she did not even request SUMMONS], falling squarely into the scenario when there was far more than just delay - here it is abject apathy.

Plaintiff also suggests that an extension will not prejudice the City, even though such is not the standard to use. But she is incorrect. The City has already spent substantial time and resources litigating for many months over a claim which the City contends is implausible as a matter of law. At this juncture, adding more Defendants [after limitations has expired] is indeed prejudicial.

Finally, Plaintiff asserts that the City has improperly seeks "Merits Determinations"[14] because it has properly pointed out the related issues of Qualified Immunity and Futility. Such issues are directly relevant to the Court's discretion to allow untimely service, particularly given Plaintiff's garbled approach to who she now seeks, or more importantly does not seek, to sue herein, a problem compounded by her admission that she already had City records before she filed her lawsuit.[15]

---

[12] Plaintiff's RESPONSE [ECF No. 18], paragraph A, p. 7 and paragraph B, p. 8

[13] Plaintiff's RESPONSE [ECF No. 18], paragraph A, p. 7

[14] Plaintiff's RESPONSE [ECF No. 18], paragraph D, p. 4

[15] See, Plaintiff's RESPONSE (ECF No. 19), p. 9

**IV.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS,** prays that the Court grant their MOTION TO DISMISS UNSERVED DEFENDANTS; that Defendants Officer Braeden Whitman, Detective Thomas Roberson, Captain Jason Henninger, Chief Ashleigh Casey, Records Manager Sarah Blum, and "John/Jane Does 1-5" be dismissed without prejudice; that the Court dismiss the Plaintiff's claims, and that the City of Southlake have such other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**CITY OF SOUTHLAKE, TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**