IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ZDENKA WILCOX** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:26-cv-147** |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS, et al.** | § | |

**CITY OF SOUTHLAKE'S REPLY TO PLAINTIFF'S RESPONSE TO ITS
OPPOSED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY
AND ABATEMENT OF ORDER FOR RULE 26 CONFERENCE PENDING
DETERMINATION OF MOTION TO DISMISS AND QUALIFIED IMMUNITY**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **CITY OF SOUTHLAKE, TEXAS**, and files its REPLY TO PLAINTIFF'S

RESPONSE to Its OPPOSED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY AND for

ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO

DISMISS AND QUALIFIED IMMUNITY, as follows:

**I.**
**Plaintiff's RESPONSE does not establish need for Discovery at this juncture**

Plaintiff has filed her RESPONSE[1] (ECF No. 19) to the City's MOTION FOR PROTECTIVE

ORDER AND TO STAY DISCOVERY AND FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE

PENDING DETERMINATION OF MOTION TO DISMISS AND QUALIFIED IMMUNITY (ECF No. 17).

Plaintiff's RESPONSE is essentially that the she does not have access to City records and needs same

to prosecute her case. Her arguments fail on several levels. First, the City's pending FIRST AMENDED

MOTION TO DISMISS (ECF No. 17) presents questions of law for which discovery is not needed.

Moreover, Plaintiff has responded  (ECF No. 13), and the City has replied (ECF No. 14), and thus

---

[1]The document is filed as a RESPONSE but the title of it is: "THE DEFENDANT SEEKS TO PREVENT PLAINTIFF FROM DISCOVERING THE VERY MUNICIPAL POLICIES IT ARGUES PLAINTIFF HAS FAILED TO IDENTIFY (ECF No. 19)

the City's FIRST AMENDED MOTION TO DISMISS is ripe for determination. Second, Plaintiff's representations to this Court about her purported inability to obtain records from the City are questionable - at best. Plaintiff bemoans that Rule 26 discovery is needed for her to obtain information about City of Southlake policies, yet her own RESPONSE reveals that she has already used the Texas Public Information Act to successfully obtain documents from the City of Southlake, and thus, discovery under Rule 26 is premature.

It remains the City's position that discovery is not needed at this juncture and it would serve the interests of justice, prevent waste of judicial and parties resources, and comport with the general principles of curtailing discovery when a governmental entity and/or individual is a defendant to refrain from any Scheduling order or discovery until the Court has had the opportunity to determine whether the facts alleged by the Plaintiff, taken as true, constitute any plausible claims against the City of Southlake, and likewise, overcome the involved [yet unserved] officers' Qualified Immunity and other legal bars to the Plaintiff's claims.

## II.
### City's FIRST AMENDED MOTION TO DISMISS presents issues of Law

Plaintiff sues the City of Southlake, five unserved individual Defendants [in both their individual and official capacities], and five unnamed and unserved "Doe" Officer Defendants, bringing claims under 42 U.S.C. §1983 and *Monell* for an alleged Procedural Due Process claim. The gist of Plaintiff's FIRST AMENDED COMPLAINT remains that she begrudges her credibility characterization in the Southlake Police Department Report and related records. In other words, Plaintiff does not like that the Police Report, according to her, contained "material inaccuracies that altered the meaning and reliability of Plaintiff's reported statements.[2]

---

[2] Plaintiff's FIRST AMENDED COMPLAINT [ECF No. 8], paragraph I(10), p. 3

While the City has pointed out the many pleadings deficiencies in Plaintiff's lawsuit, including her failure to plausibly plead a viable Due Process and/or *Monell* claim,[3] one of the threshold legal issues is whether the Plaintiff has even alleged a constitutional violation based on her purported facts.[4] In her RESPONSE she argues that "Plaintiff's municipal liability claims are not purely legal questions."[5]  For the most part, Plaintiff is incorrect.  Specifically, as detailed in the City's FIRST AMENDED MOTION TO DISMISS, Plaintiff begrudges the reporting officers' characterization of her candor and credibility in a Police Report and associated records, but even if taken as true,  this does not rise to the level of a constitutional violation.[6]  Her case dies on this threshold legal issue.

## II.
### Plaintiff admits she already has relevant City records obtained through Public Information

Despite Plaintiff's repeated vociferous protestations that she does not have access to City records and must have Rule 26 discovery to obtain same, her RESPONSE demonstrates otherwise.

Throughout her RESPONSE Plaintiff argues that the only way for her to obtain information about and evidence of City of Southlake policies is through Rule 26 discovery, writing, for example:

*       "The City of Southlake presents this Court with a proposition that would render *Monell* liability a nullity: dismiss Plaintiff's claims for failure to identify specific municipal policies and customs with greater particularity, while simultaneously prohibiting the only mechanism by which a plaintiff can obtain evidence of those policies—*Rule 26* discovery into records uniquely within the municipality's exclusive possession and control."[7]

---

[3]See, City's FIRST AMENDED MOTION TO DISMISS (ECF No. 17), paragraph V(A)(2)-(4), p. 12-19

[4]See, City's FIRST AMENDED MOTION TO DISMISS (ECF No. 17), paragraph V(A)(1), p. 9-12

[5] See, Plaintiff's Response (ECF No. 19), p. 7.

[6] See, City's FIRST AMENDED MOTION TO DISMISS (ECF No. 17), paragraph V(A)(1), p. 9-12

[7] See, Plaintiff's Response (ECF No. 19), p. 1

\*       "Plaintiff's Municipal Liability Claims Require Discovery into Evidence Exclusively Within the Defendant's Possession."[8]

\*       "A municipality cannot use its exclusive control over evidence as both a shield against discovery and a sword to attack the sufficiency of the pleadings. To permit such a strategy would endorse a procedural regime in which municipalities are effectively immune from *Monell* liability simply by withholding evidence of their own policies. [9]

\*       "Defendant argues Plaintiff lacks evidence establishing unpublished municipal policies while simultaneously seeking to prohibit discovery into the very records capable of supplying that evidence. The Federal Rules do not require a plaintiff to possess a municipality's internal files before discovery begins.[10]

\*       "The requested stay would prevent that process from occurring. The Defendant requests a blanket stay of all discovery, abatement of the *Rule 26(f)* conference, and postponement of all scheduling requirements pending resolution of its Motion to Dismiss. This sweeping relief would prevent Plaintiff from obtaining any evidence to substantiate her municipal liability claims, effectively deciding those claims on the pleadings without any factual development."[11]

\*       "The central defect of the Defendant's motion is that it would create an impossible standard for *Monell* plaintiffs: plead unpublished municipal policies with specificity, or be dismissed, but do not seek discovery into the municipal records that would reveal those policies."[12]

\*       "The only mechanism by which a municipal liability plaintiff can obtain this evidence is *Rule 26* discovery. Without it, the plaintiff is left to speculate about the contents of municipal files, the substance of policymaker communications, and the existence of customs or practices that may not be reflected in any published document. The Defendant's position would require plaintiffs to plead with particularity facts they cannot know and then deny them the procedural tool designed to ascertain those facts."[13]

---

[8] See, Plaintiff's Response (ECF No. 19), p. 3

[9] See, Plaintiff's Response (ECF No. 19), p. 6

[10] See, Plaintiff's Response (ECF No. 19), p. 6

[11] See, Plaintiff's Response (ECF No. 19), p. 7

[12] See, Plaintiff's Response (ECF No. 19), p. 8

[13] See, Plaintiff's Response (ECF No. 19), p. 9

Interspersed within these contentions is an interesting and damning admission by Plaintiff: she was able to use the Texas Public Information Act to obtain City of Southlake records before she filed her lawsuit, which would explain the level of specificity in her lawsuit regarding the names, job titles, and activities of the five individual Defendants.  In her RESPONSE, Plaintiff candidly concedes as follows:

> "Before this action was filed, **Plaintiff sought relevant records** through the Texas Public Information Act.  The Defendant resisted disclosure, and the Texas Attorney General ultimately rejected the Defendant's asserted basis for withholding certain materials and **directed their release."**[14]

Several recent examples of Public Information Act requests submitted by Plaintiff's counsel are attached hereto as Exhibit No. 1, which track closely the discovery which Plaintiff has recently propounded in this litigation.[15]

What emerges from Plaintiff's RESPONSE is that she actually already has some records from the City and her representation to this Court about Rule 26 discovery being "the only mechanism by which a plaintiff can obtain evidence of those policies"[16] is both legally and factually incorrect.

## III.
### Plaintiff's RESPONSE misunderstands role of Qualified Immunity in the discovery process

Plaintiff proclaims in a headnote that "Municipalities Cannot Invoke Qualified Immunity to Avoid Discovery."[17]  She continues, incorrectly, by asserting that "Even if individual defendants

---

[14] See, Plaintiff's Response (ECF No. 19), p. 9 (emphasis added)

[15] See, Plaintiff's First Request For Production To Defendant City of Southlake attached as Ex. 1 to City's OPPOSED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY AND FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND QUALIFIED IMMUNITY (ECF No. 17-1)

[16] See, Plaintiff's Response (ECF No. 19), p. 9

[17] See, Plaintiff's Response (ECF No. 19), p. 2

appear and assert qualified immunity, that would not justify staying discovery as to the Defendant."[18]

Plaintiff's arguments demonstrate a profound misunderstanding of Qualified Immunity and how it can impact discovery, even for the entity itself.

First, from a legal perspective, the City of Southlake would benefit from an assertion of Qualified Immunity if/when individual defendants raise it.  Plaintiff's belief that discovery would still be allowed to proceed against a City when Qualified Immunity has been asserted is incorrect. The Fifth Circuit could not have made it much clearer:

> "When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. **It may not permit discovery - "cabined or otherwise"- against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense**."

*Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022)(emphasis added), cert. denied, No. 22-959, 217 L. Ed. 2d 12, 2023 WL 6377808 (U.S. Oct. 2, 2023).

Second, Plaintiff apparently misunderstands the City's argument about Qualified Immunity. The City did not assert that <u>it</u> has Qualified Immunity.[19]  Rather, as described by the City, although Plaintiff has yet to serve the five individuals, the Supreme Court's clearly articulated policy of protecting public officials and employees from discovery until threshold immunity issues have been resolved provides guidance which is applicable to this lawsuit.  In other words,  the rationale for the policy of protecting public servants not only from ultimate liability, but also from the inherent inconvenience and distraction of litigation itself, unless "clearly established" law has been shown to have been violated and the inapplicability of qualified immunity determined by the Court, is also pertinent to avoiding unnecessary costs to taxpayers even when just a City is the Defendant.  Hence,

---

[18] See, Plaintiff's Response (ECF No. 19), p. 2

[19] See, generally, Opposed Motion For Protective Order And To Stay Discovery And for Abatement Of Any Order For Rule 26 Conference Pending Determination Of Motion To Dismiss And Qualified Immunity (ECF No. 17),

the quote from *Harlow v. Fitzgerald*.[20]   The City did not invoke Qualified Immunity to avoid discovery, it pointed out why staying discovery would be consistent with Supreme Court and Fifth Circuit policy considerations regarding discovery when Qualified Immunity is in play.

The City certainly does not seek to forever forestall discovery and duly recognizes that same may become necessary depending upon the Court's determination of the City's FIRST AMENDED MOTION TO DISMISS, as recited in pertinent portion of the City's proposed Order:

> "After the Court has issued a ruling upon all of same, if said ruling(s) does not dispose of each and every of the Plaintiff's claims, discovery in this matter may commence in accordance with a subsequent Order of this Court.

### IV.
### Requested Relief

The City of Southlake respectfully request that the Court issue a protective order and abate any discovery requirements and/or scheduling orders until the jurisdictional issues raised in the City of Southlake's FIRST AMENDED MOTION TO DISMISS have been fully resolved.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS** prays that the Court grant its OPPOSED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY AND FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND QUALIFIED IMMUNITY;  that the Court rescind its ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER [ECF. No. 15]; that the Court  order that all discovery be suspended until the Court has ruled upon the pending City of Southlake's FIRST AMENDED MOTION TO DISMISS, and that Defendant have such other relief, at law or in equity, to which he is justly entitled.

---

[20]See, OPPOSED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY AND FOR ABATEMENT OF ANY ORDER FOR RULE 26 CONFERENCE PENDING DETERMINATION OF MOTION TO DISMISS AND QUALIFIED IMMUNITY (ECF No. 17), p. 5, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982).

Respectfully submitted,

By:    /s/ *Robert J. Davis*

ROBERT J. DAVIS
State Bar No. 05543500
KYLE THOMAS BARRY
State Bar No. 24122284
MATTHEWS,  SHIELS, KNOTT,
EDEN, DAVIS & BEANLAND, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

ATTORNEYS FOR DEFENDANT
CITY OF SOUTHLAKE, TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

/s/ *Robert J. Davis*
ROBERT J. DAVIS