IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ZDENKA WILCOX | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  4:26-CV-00147-O |
| | § | |
| CITY OF SOUTHLAKE, TEXAS, ET AL., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**OPINION & ORDER**

Before the Court are Defendant City of Southlake's (the "City") Motion to Dismiss (ECF No. 10); Plaintiff's Response (ECF No. 13); and the City's Reply (ECF No. 14); the City's Motion to Dismiss Unserved Defendants (ECF No. 16); Plaintiff's Response (ECF No. 18); and the City's Reply (ECF No. 21); the City's Motion to Stay (ECF No. 17); Plaintiff's Response (ECF No. 19): and the City's Reply (ECF No. 22). Having considered the Motions, briefing, and applicable law, the Court **GRANTS** the City's Motion to Dismiss (ECF No. 10) and **DISMISSES** Plaintiff's complaint as to all defendants. The Court **DENIES** the City's Motion to Dismiss Unserved Defendants (ECF No. 16) and Motion to Stay (ECF No. 17) as **MOOT**.

I.    **BACKGROUND**[1]

This case arises from the creation and official use of allegedly inaccurate police records concerning Plaintiff Zdenka Wilcox's ("Plaintiff") report of domestic violence. On or about March 19, 2024, Plaintiff reported domestic violence to the Southlake Police Department. During the

---

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 8. At the 12(b)(6) stage, these facts are taken as true and viewed in the light most favorable to Plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

initial report and subsequent communications, Plaintiff provided information to law enforcement concerning the reported incidents, including printed photographs depicting physical injuries consistent with domestic violence. The only dates associated with the photographs were the dates reflected on the printed images themselves. Those dates corresponded to when the photographs were taken, not when the underlying incidents occurred. Despite this context, the dates on the photographs were treated as incident dates in the official police records. Body-worn camera footage of the initial report reflects that Plaintiff did not provide specific incident dates during the interaction. The inclusion of these dates in the official records created a discrepancy between Plaintiff's actual statements and the contents of the official report.

Plaintiff repeatedly sought clarification, review, and correction of the police report and associated records but Defendants provided no meaningful mechanism for neutral review, correction, annotation, or challenge. The records were used as authoritative government accounts in judicial proceedings affecting Plaintiff's parental rights and related legal interests. In those proceedings, Southlake Police Department Detective Roberson provided testimony based on the inaccurate records in a manner that reflected the conclusion that Plaintiff's domestic-violence reports were false or not credible. The records have been used in ongoing civil litigation, including a pending civil action in Tarrant County, Texas, Cause No. 141-358707-24, where they are presented and relied upon as authoritative government accounts.

Plaintiff filed this lawsuit on February 11, 2026, and filed an amended complaint on March 30, 2026, against the City of Southlake and several individual defendants ("Defendants"). Plaintiff brought claims under 42 U.S.C § 1983 for Fourteenth Amendment Due Process violations under a stigma-plus theory and municipal liability under *Monell*. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 98 (1978). Defendant City of Southlake moved to dismiss under Federal Rule

of Civil Procedure Rule 12(b)(6) and subsequently moved to dismiss the indivudual defendants

under Rule 4(m). The Motions have been breifed and are now ripe for the Court's review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require

"'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file

a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for

"failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,'

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting

*Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement

to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the

complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm

Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal

conclusions as true, and only a complaint that states a plausible claim for relief survives a motion

to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

### III.   ANALYSIS

### A.  Defendant City of Southlake's Rule 12(b)(6) Motion to Dismiss

Plaintiff's assertion of an inaccurately recorded police interview is insufficient to plead a stigma-plus claim. The Supreme Court has held that an injured party may assert a § 1983 claim for deprivation of liberty without due process of law when false, stigmatizing statements made by a government employee under color of law are accompanied by a tangible injury. *Paul v. Davis*, 424 U.S. 693, 701 (1976). The Fifth Circuit has interpreted *Paul* as creating a "stigma-plus" test to establish a constitutional deprivation. *Phillips v. Vandygriff*, 711 F.2d 1217, 1221 (5th Cir.1983). The "plus" requires a showing of a tangible injury to Plaintiff in addition to the false, stigmatizing comments. *Id.* Specifically, the "plus" factor requires a showing of not only significant damage to a person's employment opportunities but also, dismissal from a government job or deprivation of some other legal right or status. *Id.*

Plaintiff argues that "the stigma arises from the State's creation and use of materially altered official records, specifically, the insertion of incident dates not reflected in Plaintiff's recorded statement, that were then treated as authoritative and used to assess the validity of her report, thereby casting Plaintiff as having made false allegations."[2] But "the infliction of a stigma on a person's reputation by a state official, without more, does not infringe upon a protected liberty interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935–36 (5th Cir. 1995) (citing *Paul*, 424 U.S. at 710–11). Instead, the Fifth Circuit has "found sufficient stigma only where a state actor has

---

[2] Resp. 4, ECF No. 13.

made concrete, *false* assertions of *wrongdoing on the part of the plaintiff.*" *Blackburn*, 42 F.3d at

936 (citing *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991) (emphasis in

original).

Here, there is no stigma because Plaintiff has not pleaded any facts showing that a state

actor made false assertions that Plaintiff committed any wrongdoing. Rather, Plaintiff only alleges

that the Southlake Police Department's insertion of inaccurate dates "created a material

discrepancy between Plaintiff's actual statements and the contents of the official report."[3] Such

allegations are insufficient as they do not assert any wrongdoing, let alone Plaintiff's. Moreover,

for a false assertion to be stigmatizing "it must be worse than merely adverse; it must be such as

would give rise to a badge of infamy, public scorn, or the like." *Wells v. Hico ISD*, 736 F.2d 243,

256 & n.16 (5th Cir.1984) (citation modified).

Plaintiff also alleges that Detective Roberson's testimony in later civil proceedings,

"reflected or reinforced the conclusion that Plaintiff's domestic-violence reports were false or not

credible."[4] But such allegations are too conclusory to support a stigma-plus claim because they are

devoid of the factual data necessary for the Court to infer that Detective Roberson made assertions

of Plaintiff's wrongdoing. *See Blackburn*, 42 F.3d at 936. Neither the inaccurate police report nor

Detective Roberson's testimony, as alleged, are "concrete, false assertions of wrongdoing" against

Plaintiff. *Id*.

Plaintiff has not attempted to allege any other constitutional violation and has conceded

that "there is no right to a completely accurate police report."[5] *Smith v. Patri*, 99 F. App'x 497,

---

[3] Am. Compl. ¶ 52, ECF No. 8.
[4] *Id.* at ¶ 82.
[5] Plaintiff concedes this in her response. *See* Resp. 3, ECF No. 13 ("[I]naccurate or false police reports, standing alone, do not give rise to a constitutional violation. Plaintiff does not dispute that general proposition.").

498 (5th Cir. 2004). Because Plaintiff has not alleged facts sufficient to support a stigma-plus claim, Plaintiff has not alleged a violation of a right secured by the constitution and therefore fails to plead a Section 1983 or *Monell* claim. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (holding that to state a viable Section 1983 claim, a plaintiff must allege a violation of a right secured by the Constitution); *see also Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (requiring a constitutional violation to maintain a *Monell* claim).

Finally, because Plaintiff has not alleged a constitutional violation, Plaintiff cannot maintain an action against any of the Defendants in this case as each is premised on an alleged constitutional violation. Accordingly, Plaintiff's Amended Complaint is dismissed in its entirety as to all Defendants.

## B.     Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and even "evinces a bias in favor of granting leave to amend." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002).  It is unclear from Plaintiff's Complaint whether Detective Roberson's testimony in later proceedings contained actual assertions of wrongdoing on Plaintiff's part. Without such specificity, this Court finds that Plaintiff has not sufficiently pled facts that state a claim for relief on its face. Accordingly, the claim is dismissed, and Plaintiff is given leave to amend her Complaint to the extent she can remedy this pleading deficiency. Should Plaintiff take advantage of this opportunity, the Court "encourages Plaintiff to follow the advice of Joe Friday; that is, provide this Court with 'just the facts.'" *Adams v. Walker*, No. CV 20-2794, 2021 WL 5833965 (E.D. La. Dec. 9, 2021).

**IV.    CONCLUSION**

For the forgoing reasons, the Court **GRANTS** the City's Motion to Dismiss (ECF No. 10) and **DISMISSES** Plaintiff's complaint as to all defendants **WITHOUT PREJUDICE**. Plaintiff may amend her Complaint within 20 days of this Order to the extent that she can remedy the deficiencies identified herein. The Court **DENIES** the City's Motions to Dismiss Unserved Defendants (ECF No. 16) and Stay (ECF No. 17) as **MOOT**.

**SO ORDERED** on this **23rd day** of **July, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**