# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# FORT WORTH DIVISION

| | | |
|---|---|---|
| **ZDENKA WILCOX,** | § | **Civil Action No. 4:26-cv-147** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS;** | § | |
| **JOHN/JANE DOES 1–5,** | § | |
| **in their individual and** | § | |
| **official capacities,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT

Plaintiff Zdenka Wilcox ("Plaintiff"), through undersigned counsel, respectfully moves pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) for an extension of 45-days to file her Second Amended Complaint, and states as follows:

1

## I. INTRODUCTION

On July 23, 2026, this Court entered its Opinion & Order (ECF No. 23) granting Defendant City of Southlake's Motion to Dismiss and dismissing Plaintiff's First Amended Complaint as to all defendants without prejudice. The Court granted Plaintiff leave to amend and directed that "Plaintiff may amend her Complaint within 20 days of this Order to the extent that she can remedy the deficiencies identified herein."

The Court's order specifically instructed Plaintiff to provide factual specificity regarding Detective Roberson's testimony: "It is unclear from Plaintiff's Complaint whether Detective Roberson's testimony in later proceedings contained actual assertions of wrongdoing on Plaintiff's part. Without such specificity, this Court finds that Plaintiff has not sufficiently pled facts that state a claim for relief on its face."

Plaintiff timely seeks a brief extension of the deadline to ensure that the Second Amended Complaint addresses the Court's guidance with the factual precision required.

## II. CURRENT DEADLINE AND REQUESTED EXTENSION

Plaintiff's Second Amended Complaint is currently due on or before August 12, 2026. Plaintiff respectfully requests that the Court extend this deadline to September 26, 2026, an extension of 45 days.

## III. GOOD CAUSE EXISTS FOR THE REQUESTED EXTENSION

Good cause exists for the requested extension under Federal Rule of Civil Procedure 6(b)(1)(A).

**A. The Court's Order Requires Specific Factual Allegations Based on Detective Roberson's Testimony**

The Court's July 23, 2026 order identified a specific pleading deficiency: Plaintiff's First Amended Complaint alleged that Detective Roberson's testimony "reflected or reinforced the conclusion that Plaintiff's domestic-violence reports were false or not credible," but the Court found these allegations "too conclusory to support a stigma-plus claim because they are devoid of the factual data necessary for the Court to infer that Detective Roberson made assertions of Plaintiff's wrongdoing."

The Court instructed Plaintiff to remedy this deficiency by providing specific facts and encouraged Plaintiff to "follow the advice of Joe Friday; that is, provide this Court with 'just the facts.'"

To comply with this directive, Plaintiff's counsel must:

1. Obtain and review the transcript or record of Detective Roberson's testimony in the relevant judicial proceedings;

2. Identify the specific statements made by Detective Roberson that constitute "concrete, false assertions of wrongdoing on the part of the plaintiff";

3. Confer with Plaintiff regarding the context, accuracy, and legal significance of those statements; and

4. Draft factual allegations that provide the Court with the "factual data necessary" to evaluate the stigma-plus claim.

**B. Additional Time Is Necessary to Confer with the Client and Ensure Factual Accuracy**

The Court's guidance requires Plaintiff to plead specific factual assertions, not legal conclusions. This necessarily requires consultation with Plaintiff to ensure that the allegations in the Second Amended Complaint accurately reflect the testimony given, the circumstances under which it was given, and the manner in which it was relied upon in judicial proceedings affecting Plaintiff's rights.

Counsel requires additional time to:

1. Review Detective Roberson's testimony and identify the specific statements that form the basis of Plaintiff's stigma-plus claim;

2. Confer with Plaintiff regarding the content and context of that testimony;

3. Review body-worn camera footage, police records, and other materials referenced in the Court's order to ensure consistency and factual support; and

4. Draft allegations that are factual, non-conclusory, and responsive to the Court's specific guidance.

**C. The Request Is Made in Good Faith and Before the Deadline Expires**

This motion is filed before the expiration of the Court-imposed deadline and is made in good faith. Plaintiff is not seeking delay for purposes of obstruction or tactical advantage. Rather, Plaintiff seeks a reasonable extension to ensure that the Second Amended Complaint satisfies the pleading standard articulated by the Court and provides the factual specificity required to survive dismissal.

Plaintiff has diligently pursued this matter and previously sought extensions only when necessary and with appropriate justification.

## IV. DEFENDANT CITY OF SOUTHLAKE OPPOSES THE MOTION

Pursuant to Local Civil Rule 7.1(a), Plaintiff conferred with counsel for Defendant City of Southlake regarding the relief requested in this motion. Defense counsel stated that Defendant opposes the requested extension.

## V. GRANTING THE EXTENSION WILL NOT PREJUDICE DEFENDANTS

No trial date has been set. Discovery has not yet commenced. Granting Plaintiff a brief extension of time to file the Second Amended Complaint will not delay any scheduled proceedings, impose additional costs on Defendants, or otherwise prejudice their rights.

The requested extension will allow Plaintiff to comply with the Court's order by providing the factual specificity necessary to state a plausible claim for relief. Denying the extension may result in dismissal based on pleading deficiencies that could be remedied with additional time to review the record and confer with the client.

## VI. CONCLUSION

Good cause exists for the requested extension. Plaintiff seeks additional time to comply with the Court's specific guidance regarding Detective Roberson's testimony, to confer with the client, and to ensure that the Second Amended Complaint provides the factual detail required to state a plausible claim for relief. The request is made before the deadline expires, in good faith, and without prejudice to Defendants.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and extend the

deadline for Plaintiff to file her Second Amended Complaint to September 26, 2026, and grant

such other and further relief to which Plaintiff may be justly entitled.

> Respectfully submitted,
>
> **/s/ Brian D. Wilcox**
> Brian D. Wilcox
> State Bar No. CA 244096
> State Bar No. TX 24153547
> Brian D. Wilcox Law, PLLC
> Southlake, Texas 76092
> Telephone: 949-533-7530
> Email: Brian@BrianDWilcoxLaw.com
>
> ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1(a), on August 9, 2026, undersigned counsel conferred with
Robert J. Davis counsel for Defendant City of Southlake, Texas, regarding the relief requested in
this motion. Defense counsel stated that Defendant opposes the requested extension.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, a true and correct copy of the foregoing was served on
all counsel of record via the Court's CM/ECF system.

6