**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ZDENKA WILCOX** | § | |
| | § | |
| **v.** | § | **CASE NO.  4:26-cv-147** |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS, et al.** | § | |

**CITY OF SOUTHLAKE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OPPOSED
MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **CITY OF SOUTHLAKE, TEXAS**, and files its RESPONSE IN OPPOSITION

TO PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT,

as follows:

**I.**
**Case has been dismissed and more time will not help conjure up any viable claims**

The old adage that "*Third time's the charm*" does not help Plaintiff.  She has already twice

amended her lawsuit (ECF No.'s 1, 8), and the Court has now dismissed her most recent iteration.

See, OPINION & ORDER dated July 23, 2026 (ECF No. 23).  The Court did, however, permit Plaintiff

to file an amended complaint within "20 days of this Order **to the extent she can remedy the**

**deficiencies identified herein"**. OPINION & ORDER, p. 6 (ECF No. 23)(emphasis added).

Plaintiff has filed her PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE

SECOND AMENDED COMPLAINT (EFF No. 24) seeking forty five (45) days to file her Second

Amended Complaint.  The gravamen of Plaintiff's MOTION is her request to "obtain and review the

transcript or record of Detective Roberson's testimony in the relevant judicial proceeding" and then

"Identify the specific statements made by Detective Roberson that constitute 'concrete, false

assertions of wrongdoing on the part of the plaintiff'". *Id* at p. 3.

## II.
### Plaintiff's lack of diligence does not justify extension, particularly since Plaintiff admits she already has relevant City records obtained through Public Information

As a threshold issue, Plaintiff should have already fully investigated her claims before she filed her lawsuit. Plaintiff's need for the transcript of Detective Roberson's testimony at a judicial proceeding - which is a core contention of her lawsuit - should have been requested and obtained months if not years ago.  Moreover, the Plaintiff already has pertinent police records from the City. In her RESPONSE[1] to the City's Motion to Stay, Plaintiff candidly concedes as follows:

> "Before this action was filed, **Plaintiff sought relevant records** through the Texas Public Information Act.  The Defendant resisted disclosure, and the Texas Attorney General ultimately rejected the Defendant's asserted basis for withholding certain materials and **directed their release."**[2]

Plaintiff's lack of diligence in investigating her case does not justify an extension, particularly since many of the "deficiencies" identified by the Court are far more than just whether there were assertions made by Detective Roberson about Plaintiff's wrongdoings.  There are other fundamental deficiencies faced by Plaintiff such as the complete lack of a constitutional violation or any infringement upon any protected liberty interest of the Plaintiff.

## III.
### Plaintiff's Requested Extension is Futile

Even if Plaintiff obtains a transcript of Deputy Roberson's testimony from a judicial proceeding, any attempted amendment to include same and/or ensnare Deputy Roberson in the case would be futile because such testimony is protected by an absolute privilege. Simply put, Officer Roberson would be entitled to absolute immunity for any testimony she provided at the proceeding.

---

[1]The document was filed as a RESPONSE but the title is: "THE DEFENDANT SEEKS TO PREVENT PLAINTIFF FROM DISCOVERING THE VERY MUNICIPAL POLICIES IT ARGUES PLAINTIFF HAS FAILED TO IDENTIFY (ECF No. 19)

[2] See, Plaintiff's Response (ECF No. 19), p. 9 (emphasis added)

In *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983), the Supreme Court held that the passage of §1983 did not abrogate the common law immunity of witnesses at trial to be absolutely immune from liability arising from their testimony.  In coming to its decision, the Supreme Court reasoned that subjecting governmental officials to potential damages under Section 1983 would undermine not only the official's contribution to the judicial process, but the performance of their public duties. See *id*. at 342, 103 S. Ct. at 1119. Moreover, allowing such suits would potentially subject police officer witnesses to frequent lawsuits. See *id*. at 343, 103 S. Ct. at 1119. Therefore, judicial efficiency would not be advanced if the Court were to allow litigation against police officers based on alleged perjured testimony. See *id*., 103 S. Ct. at 1120.

Similarly, as the Fifth Circuit discussed in *Charles v. Wade*, 665 F.2d 661, 666 (5th Cir. Unit B 1982):

> Because the witness plays such an integral role in the fact-finding process, the reluctant or reticent witness would disserve the ends of justice regardless of the nature of the proceeding. Furthermore, it seems obvious that the prospect of personal liability under a civil rights claim would pose the same risk of intimidation as would the possibility of liability under the common law. It is the threat of money damages that produces the intimidating effect, and that threat is present under either theory of liability. Consequently, the policies underlying the common law rule of absolute immunity also justify providing a witness with immunity from §1983 liability.

This rationale applies with full force here.

## IV.
## Prayer

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS** prays that the Court deny PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT (EFF No. 24), and that Defendant have such other relief, at law or in equity, to which its is justly entitled.

Respectfully submitted,

By:    /s/ *Robert J. Davis*

**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**CITY OF SOUTHLAKE, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**