**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ZDENKA WILCOX** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:26-cv-147** |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS, et al.** | § | |

# CITY OF SOUTHLAKE, TEXAS' SECOND AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT

**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT CITY OF SOUTHLAKE, TEXAS**

# TABLE OF CONTENTS


I. INTRODUCTION . . . . . . . . . . 1-2

II. STANDARD FOR RULE 12(b)(6) MOTION . . . . . . . . . . 2

III. PERTINENT FACTUAL BACKGROUND . . . . . . . . . . 2-8

IV. GROUNDS FOR DISMISSAL . . . . . . . . . . 8

V. PLAINTIFF'S SECOND AMENDED COMPLAINT STILL FAILS TO STATE ANY PLAUSIBLE CLAIMS AGAINST THE CITY OF SOUTHLAKE . . . . . . . . . 8-19

A. Plaintiff cannot demonstrate a plausible "Stigma-plus" Due Process claim . . . 6-**

1. Court's OPINION & ORDER . . . . . . . . . . 7-8

2. Plaintiff's current allegations fail to demonstrate any Constitutional violation(s) and do not allege that Detective Roberson's testimony in later proceedings contained actual assertions of wrongdoing on Plaintiff's part . . . . . . . . . . 10

B. Plaintiff has not adequately plead nor could she establish under these facts any Section 1983 and *Monell* liability against the City . . . . . . . . . . 9-19

C. Detective Roberson has absolute immunity for any courtroom testimony . . . . . 10-11

D. Plaintiff has failed to plead any plausible claims for Injunctive or Declaratory Judgment relief against the City . . . . . . . . . . 12

VI. PRAYER FOR RELIEF . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . 13

# TABLE OF AUTHORITIES

CASES:

***Briscoe v. Lahue***,
460 U.S. 325, 326, 103 S. Ct. 1108, 1110, 75 L. Ed. 2d 96 (1983) . . . . . . . . . . . . . . 10-11

***Charles v. Wade***,
665 F.2d 661 (5th Cir. Unit B 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

***Carson v. Fed. Nat'l Mortg. Ass'n***,
2012 U.S. Dist. LEXIS 204112, 2012 WL 13029757 (W.D. Tex. Jan. 26, 2012) . . . . . 12

***Morrison v. Spinnaker Ins. Co.***,
Civil Action No. 4:23-cv-324, 2025 U.S. Dist. LEXIS 166347 (E.D. Tex. 2025) . . . . . 12

***Reitz v. City of Abilene***,
No. 1:16-CV-0181-BL, 2017 WL 3046881, 2017 U.S. Dist. LEXIS 110673
(N.D. Tex. May 25, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

***Schilling v. Rogers***,
363 U.S. 666, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . 12

**SECOND AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CITY OF SOUTHLAKE, TEXAS**, now the sole Defendant,[1] and files their SECOND AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT, as follows:

## I. INTRODUCTION

The old addage of "*the third time is the charm*" certainly does not apply to the Plaintiff. Initially faced with the City's MOTION TO DISMISS [ECF No. 6], Plaintiff filed her FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF [ECF No. 8], adding five individuals[2] and interjecting more but still legally insignificant and wholly conclusory contentions. That ploy failed. The City filed its FIRST AMENDED MOTION TO DISMISS [ECF No. 10], which this Court granted. See, OPINION & ORDER [ECF No. 23]. The Court also allowed Plaintiff another attempt to amend her pleading with a Dragnet admonition of Joe Friday to provide the Court with "just the facts." *Id* at 6.

Plaintiff has now filed her SECOND AMENDED COMPLAINT, while revamped and shortened, it still fares no better than its two predecessors. In fact, it is actually worse when it comes to attempting to allege a viable Due Process "stigma-plus" claim. Plaintiff got an extension to file her SECOND AMENDED COMPLAINT so she could obtain the transcript from a civil hearing[3] so she could [presumably] demonstrate that Detective Thomas Roberson's testimony contained actual assertions

---

[1]Previously, Plaintiff purported to sue five individuals as well as "John/Jane Does 1-5"; see, Plaintiff's FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF (hereinafter "Plaintiff's FIRST AMENDED COMPLAINT")[ECF No. 8], paragraphs III(C), p. 2-8. Her SECOND AMENDED COMPLAINT [ECF No. 27], is solely against the City of Southlake. See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph III(14)-(17)

[2]This included Officer Whitman, Detective Roberson, Captain Henninger, Chief Casey, and Records Manager Blum. See, Plaintiff's AMENDED COMPLAINT [ECF No. 8], paragraphs III(C), p. 2-8

[3]See, Plaintiff's OPPOSED MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT [ECF No. 24], p. 3-4

of wrongdoing on Plaintiff's part. She failed. Her SECOND AMENDED COMPLAINT and its seventy one (71) paragraphs of purported "facts" [interspersed with attributed hearing testimony from Det. Roberson] confirm that her claim is still fundamentally and necessarily predicated on her displeasure with the way Det. Robertson characterized Plaintiff's credibility in his reports. More specifically, Plaintiff still critiques the dates associated with the two photographs she provided related to an earlier alleged domestic assault, as referenced in Det. Robertson's report and supplemental report. She repeatedly references this date discrepancy as "disputed attribution."[4] The problem for Plaintiff, however, is that her pleadings confirm that Det. Roberson's testimony in the civil case did not demonstrate an actionable "stigma"; i.e., Det. Roberson did not make false assertions that Plaintiff committed any wrongdoing. Plaintiff has been given three chances to plead her best case - and she still wholly fails to meet the requisite level of plausibly for pleading a viable Stigma-plus claim.

Culled from Plaintiff's SECOND AMENDED COMPLAINT is that she jettisons her prior clams against any individual Defendants or "Doe Defendants" and now only sues the City of Southlake, bringing claims under 42 U.S.C. Section1983 and *Monell* for an alleged Procedural Due Process claim, and more specifically, a putative "Stigma-Plus theory". She also vaguely seeks injunctive and declaratory relief. Plaintiff's claims should all be finally dismissed as detailed more fully below.

## II.
## STANDARD FOR RULE 12(b)(6) MOTION

The standards to survive a motion to dismiss under FED. R. CIV. P. 12(b)(6) are well established, known to, and already cited by this Court in its OPINION & ORDER [ECF No. 23], p. 3-4, and same is incorporated herein by reference, so they will not be repeated here.

---

[4]Such phrase or variations thereof is repeated throughout her lawsuit, appearing at least 27 times. See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs 6, 8, 10, 21, VIII, 54, 55, 58, 87, 92, Count I (A), 94, 95, 96, 102, 105, 109, 111, 119, 121, 125, 126, 129, 130, 135, and XIV(D)

## III.
## PERTINENT FACTUAL BACKGROUND

In its OPINION & ORDER [ECF No. 23], p. 1-3, the Court provided the "Background" for this case which has not substantially changed except for the new allegations regarding Det. Roberson's testimony during a hearing in a civil case [which are set out below]. Thus, for purposes of dismissal under FED. R. CIV. P. 12(b)(6), the following are new pertinent facts gleaned from Plaintiff's SECOND AMENDED COMPLAINT.[5]

In paragraph VI, headnoted as "Roberson's March 21, 2025, Testimony",[6] Plaintiff avers:

> "34. On March 21, 2025, Roberson was called by Duran's counsel to testify concerning SPR24000349 in a family-law proceeding before Judge Judith Wells.
>
> 35. During direct examination, Roberson was asked, "Did you find it unreliable?" Roberson answered, "Yes, sir." He was then asked, "Did you find it questionable?" Roberson answered, "Yes, sir."
>
> 36. On redirect examination, Roberson was asked, "But taken as a whole, you didn't find it credible enough to move forward with the complaint; correct?" Roberson answered, "Correct."
>
> 37. On recross-examination, Roberson was asked whether SLPD could pursue charges against a complainant if the Department believed false allegations had been made. Roberson answered, "Correct."
>
> 38. Roberson was then asked, "But you did not do that in this case; correct?" He answered, "No."
>
> 39. Roberson was then asked, "Did you feel like it was a false allegation?" He answered, "No."

---

[5]Because this motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), the factual allegations in Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27] are taken as true but not necessarily the conclusory statements and bald assertions. However, nothing contained herein is intended to serve as a waiver of Defendant's right to challenge the veracity of same at trial or in the presentation of a further dispositive motions, if same even necessary. By filing this SECOND AMENDED MOTION TO DISMISS, the City Southlake is not stipulating that the allegations of Plaintiff are true nor in any way acquiescing in the allegations contained in the Plaintiff's SECOND AMENDED COMPLAINT. Rather, under the standards set forth above, the City contends that even if Plaintiff's sparse and specious allegations were factual, which they vehemently deny, the City would still be entitled to dismissal as a matter of law.

[6]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs VI(34)-(45), p. 4-6

40. Plaintiff therefore does not allege that Roberson testified that Plaintiff filed a false report, fabricated her domestic-violence allegations, or committed a crime.

41. Roberson nevertheless testified concerning the reliability and credibility of the evidence Plaintiff supplied in SPR24000349 and communicated SLPD's investigative assessment in a judicial proceeding involving Plaintiff.

42. Plaintiff does not seek damages from Roberson and does not premise municipal liability upon his act of testifying.

43. The proceeding sought contempt relief against Plaintiff.

44. The requested contempt relief was denied.

45. Plaintiff does not allege that Judge Wells relied upon Roberson's testimony in denying or otherwise resolving the contempt request.[7]

It is unclear as to what the "it" references in the series of questions and Plaintiff provides no meaningful context for the testimony.[8]

Plaintiff next describes in what she headnotes as "The June 24, 205, Official Attribution"[9], the supplemental report prepared by Det. Roberson documenting his May 30, 2025, meeting with "Duran, his wife, and his attorneys."[10] She repeats under this headnote that "Plaintiff does not allege that Roberson himself concluded Plaintiff committed the offense of False Report"[11] and further "Plaintiff does not allege that Roberson's March 21 testimony constituted an accusation that Plaintiff committed an offense."[12]

---

[7]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs VI(34)-(45), p. 4-6

[8]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs VI(34)-(45), p. 4-6

[9]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs VIII(52)-(58), p. 6-7

[10]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs VII(46), p. 6 and paragraphs VIII(52)-(58), p. 6-7

[11]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph VIII(56), p. 7

[12]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph VIII(57), p. 7

The following headnote "Subsequent District Attorney Consultation"[13] describes a note contained in the supplemental report regarding a "consultation" with the DA's Office. Notably, she concedes that "Plaintiff therefore does not allege that the District Attorney decline to prosecute Plaintiff for False Report or that Plaintiff was prosecuted for that offense."[14]

The remaining allegations involve "Plaintiff's Requests For Correction",[15] "Requests For Policy and Decision-Making Records",[16] and "Continued Handling After Notice"[17] which are immaterial to Plaintiff's Stigma-plus theory.

## IV.
## GROUNDS FOR DISMISSAL

The City of Southlake requests that the Court decide the following issues presented in its SECOND AMENDED MOTION TO DISMISS:

1. Whether Plaintiff has plead any plausible *Monell* or Fourteenth Amendment Due Process claims against the City of Southlake, particularly Due Process claims founded on the Stigma-plus doctrine; and

2. Whether the Plaintiff is entitled to any injunctive or declaratory relief.

## V.
## PLAINTIFF'S SECOND AMENDED COMPLAINT STILL FAILS TO STATE ANY PLAUSIBLE CLAIMS AGAINST THE CITY OF SOUTHLAKE

Plaintiff proclaims that "This action arises from the City of Southlake's maintenance, repetition, and official use of materially inaccurate information in Southlake Police Department

---

[13] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs IX(59)-(64), p. 7-8

[14] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph IX(64, p. 8

[15] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs X(65)-(79), p. 8-9

[16] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs XI(80)-(85), p. 9-10

[17] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs XII(86)-(89), p. 10-11

("SLPD") records regarding Plaintiff's report of domestic violence."[18] The resulting discussion, particularly the newly added information about Det. Roberson's testimony in the civil case, however, is nothing more than conclusory assertions without meaningful analysis or substantive discussion of any relevant facts demonstrating any liability on the City's part. Ironically, by adding "facts" about Det. Roberson's testimony, Plaintiff has further confirmed that no constitutional violations occurred.

There remain myriad reasons why Plaintiff cannot prevail herein. First as a threshold and dispositive matter, there simply was no constitutional violation of any of Plaintiff's secured rights. The fact that Plaintiff begrudges the reporting officer's characterization of her candor and credibility in a Police Report and associated records - now specified to be the dates "attributed" to her regarding two photographs - does not rise to the level of a constitutional violation, especially now that Det. Roberson's [presumed] actually testimony is provided. Second, Plaintiff's pleadings are wholly deficient, for a variety of reasons, regarding claims purportedly brought under *Monell* or as a Due Process violation under the Fourteenth Amendment under the "Stigma-plus doctrine". Finally, Plaintiff cannot prevail on her claims seeking Injunctive or Declaratory relief because she cannot prevail on her underlying other claims.

### A. Plaintiff cannot demonstrate a plausible "Stigma-plus" Due Process claim

The core problem for Plaintiff regarding an attempted "stigma-plus" theory remains that she fails to plead any constitutional violation(s) related to the Southlake Police Department reports or Det. Roberson's testimony in a subsequent civil proceeding. Her SECOND AMENDED COMPLAINT fails to cure this deficiency - and actually underscores the absence of any viable claims.

[18] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27] introductory paragraph I(1), p. 1

### 1. Court's OPINION & ORDER

This Court, in its OPINION & ORDER [ECF 23], p. 4, succinctly set out the requirements for a plausible stigma-plus claim, as follows:

> The Supreme Court has held that an injured party may assert a § 1983 claim for deprivation of liberty without due process of law when false, stigmatizing statements made by a government employee under color of law are accompanied by a tangible injury. *Paul v. Davis*, 424 U.S. 693, 701 (1976). The Fifth Circuit has interpreted *Paul* as creating a "stigma-plus" test to establish a constitutional deprivation. *Phillips v. Vandygriff*, 711 F.2d 1217, 1221 (5th Cir.1983). The "plus" requires a showing of a tangible injury to Plaintiff in addition to the false, stigmatizing comments. *Id.* Specifically, the "plus" factor requires a showing of not only significant damage to a person's employment opportunities but also, dismissal from a government job or deprivation of some other legal right or status. *Id.*

Continuing, the Court detailed how Plaintiff failed to plausibly plead a stigma-plus claim and identified the particular deficiencies, writing:

> Plaintiff argues that "the stigma arises from the State's creation and use of materially altered official records, specifically, the insertion of incident dates not reflected in Plaintiff's recorded statement, that were then treated as authoritative and used to assess the validity of her report, thereby casting Plaintiff as having made false allegations."2 But "the infliction of a stigma on a person's reputation by a state official, without more, does not infringe upon a protected liberty interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935–36 (5th Cir. 1995) (citing *Paul*, 424 U.S. at 710–11). Instead, the Fifth Circuit has "found sufficient stigma only where a state actor has made concrete, *false* assertions of *wrongdoing on the part of the plaintiff*." *Blackburn*, 42 F.3d at 936 (citing *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991) (emphasis in original).
>
> Here, there is no stigma because Plaintiff has not pleaded any facts showing that a state actor made false assertions that Plaintiff committed any wrongdoing. Rather, Plaintiff only alleges that the Southlake Police Department's insertion of inaccurate dates "created a material discrepancy between Plaintiff's actual statements and the contents of the official report."3 Such allegations are insufficient as they do not assert any wrongdoing, let alone Plaintiff's. Moreover, for a false assertion to be stigmatizing "it must be worse than merely adverse; it must be such as would give rise to a badge of infamy, public scorn, or the like." *Wells v. Hico ISD*, 736 F.2d 243, 256 & n.16 (5th Cir.1984) (citation modified).
>
> Plaintiff also alleges that Detective Roberson's testimony in later civil proceedings, "reflected or reinforced the conclusion that Plaintiff's domestic-violence reports were false or not credible."4 But such allegations are too conclusory to support a stigma-plus claim because they are devoid of the factual data necessary for the Court to infer that Detective Roberson made assertions of Plaintiff's wrongdoing. *See Blackburn*, 42 F.3d at 936. Neither

> the inaccurate police report nor Detective Roberson's testimony, as alleged, are "concrete, false assertions of wrongdoing" against Plaintiff. *Id*.
>
> Plaintiff has not attempted to allege any other constitutional violation and has conceded that "there is no right to a completely accurate police report."5 *Smith v. Patri*, 99 F. App'x 497 498 (5th Cir. 2004). Because Plaintiff has not alleged facts sufficient to support a stigma-plus claim, Plaintiff has not alleged a violation of a right secured by the constitution and therefore fails to plead a Section 1983 or *Monell* claim. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001) (holding that to state a viable Section 1983 claim, a plaintiff must allege a violation of a right secured by the Constitution); *see also Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010) (requiring a constitutional violation to maintain a *Monell* claim).
>
> Finally, because Plaintiff has not alleged a constitutional violation, Plaintiff cannot maintain an action against any of the Defendants in this case as each is premised on an alleged constitutional violation. Accordingly, Plaintiff's Amended Complaint is dismissed in its entirety as to all Defendants.
>
> OPINION & ORDER [ECF 23], p. 4-6.

When allowing Plaintiff leave to amend, the Court noted that "It is unclear from Plaintiff's Complaint whether Detective Roberson's testimony in later proceedings contained actual assertions of wrongdoing on Plaintiff's part." OPINION & ORDER [ECF 23], p. 6.

**2. Plaintiff's current allegations fail to demonstrate any Constitutional violation(s) and do not allege that Detective Roberson's testimony in later proceedings contained actual assertions of wrongdoing on Plaintiff's part**

Plaintiff candidly concedes, as she must, that "Plaintiff does not claim a constitutional right to a perfectly accurate police report and does not rely upon reputational injury alone."[19] Continuing, she nebulously argues:

> "Plaintiff alleges that materially false information attributed to her was maintained and official used in circumstances implicating independently protected liberty interests without constitutionally adequate process."[20]

---

[19] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27] introductory paragraph I(10), p. 2

[20] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27] introductory paragraph I(11), p. 2

This purportedly "materially false information" is the date(s) associated with two photographs provided by Plaintiff and then referenced in Det. Robertson's report and supplement. This is encapsulated in the following allegation: "SLPD's June 24, 2025, supplemental report expressly attributed March 27, 2021 and May 9, 2022 to Plaintiff as dates 'listed by Zdenka Wilcox'".[21] Plaintiff then repeatedly references these two dates as the "disputed attribution". The problem that dooms her case to dismissal is that Plaintiff simply does not and cannot credibly assert that Detective Roberson's testimony in later proceedings contained actual assertions of wrongdoing on Plaintiff's part. Her case dies on this threshold issue.

Even a cursory review of Det. Roberson's testimony readily reveals that he never made concrete, false assertions of wrongdoing on the part of Plaintiff.[22] Nor does Plaintiff demonstrate that she sustained any tangible injury and/or damage due to the report, supplemental report, or testimony. Plaintiff candidly concedes, for example, that:

* "Plaintiff therefore does not allege that Roberson testified that Plaintiff filed a false report, fabricated her domestic-violence allegations, or committed a crime";[23]

* "Plaintiff does not allege that Judge Wells relied upon Roberson's testimony in denying or otherwise resolving the contempt request;"[24]

* "Plaintiff does not allege that Roberson himself concluded Plaintiff committed the offense of False Report;"[25]

* "Plaintiff does not allege that Roberson's March 21 testimony constituted an accusation that Plaintiff committed an offense;"[26] and

---

[21] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], Count I, paragraph (93), p. 11

[22] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs VI(34)-(45), p. 4-6

[23] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph VI(40, p. 5

[24] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph VI(45), p. 6

[25] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph VIII(56), p. 7

[26] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph VIII(57), p. 7

* "Plaintiff therefore does not allege that the District Attorney decline to prosecute Plaintiff for False Report or that Plaintiff was prosecuted for that offense."[27]

This Court previously concluded that "Because Plaintiff has not alleged facts sufficient to support a stigma-plus claim, Plaintiff has not alleged a violation of a right secured by the constitution and therefore fails to plead a Sectoin 1983 or *Monell* claim."[28] This ruling and rationale remains with full force regarding the Plaintiff's SECOND AMENDED COMPLAINT and it, too, should be dismissed.

## B. Plaintiff has not adequately plead nor could she establish under these facts any Section 1983 and *Monell* liability against the City

The applicable law regarding *Monell* and Section 1983 has been previously briefed by the City[29] and discussed by the Court[30] and is incorporated by reference so it will not be repeated herein. Suffice it to say that at this juncture it is abundantly clear that Plaintiff's "Municipal Liability (Monell)" allegations are little more that conclusory contentions mixed with rote regurgitation of *Monell* buzzwords. Any attempt by Plaintiff to conjure up a separate/independent Section 1983 and/or *Monell* claim still fails.

## C. Detective Roberson has absolute immunity for any courtroom testimony

While Det. Roberson is no longer a defendant herein, it cannot go without mention that he be entitled to absolute immunity for any testimony he provided at the civil case hearing. In *Briscoe v. Lahue*, 460 U.S. 325, 326, 103 S. Ct. 1108, 1110, 75 L. Ed. 2d 96 (1983) the plaintiff filed a

---

[27]See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraph IX(64, p. 8

[28]See, OPINION & ORDER [ECF No. 23], p. 6

[29]See, City of Southlake, Texas' FIRST AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT [ECF No. 10], paragraph V(A), p. 9-19

[30]See, OPINION & ORDER [ECF No. 23], p. 6

Section 1983 action against the defendant, a member of the Bloomington, Indiana police force, alleging that the defendant violated his constitutional right to due process by committing perjury in the criminal proceeding, which led to the plaintiff's conviction. *Id*. at 326, 103 S. Ct. at 1111. The Seventh Circuit held that all witnesses (police officers and lay witnesses) are absolutely immune from civil liability based on their testimony in judicial proceedings. *Id*. at 328, 103 S. Ct. at 1111 (citing *Briscoe v. LaHue*, 663 F.2d 713, 721 (7th Cir. 1981)). The Supreme Court agreed with the Seventh Circuit's decision and held that police officers were entitled to absolute witness immunity based on trial testimony. See *id*. at 326, 103 S. Ct. at 1110. In coming to its decision, the Supreme Court reasoned that subjecting governmental officials to potential damages under Section 1983 would undermine not only the official's contribution to the judicial process, but the performance of their public duties. See *id*. at 342, 103 S. Ct. at 1119. Moreover, allowing such suits would potentially subject police officer witnesses to frequent lawsuits. See *id*. at 343, 103 S. Ct. at 1119. Therefore, judicial efficiency would not be advanced if the Court were to allow litigation against police officers based on alleged perjured testimony. See *id*., 103 S. Ct. at 1120.

Similarly, as the Fifth Circuit discussed in *Charles v. Wade*, 665 F.2d 661, 666 (5th Cir. Unit B 1982):

> Because the witness plays such an integral role in the fact-finding process, the reluctant or reticent witness would disserve the ends of justice regardless of the nature of the proceeding. Furthermore, it seems obvious that the prospect of personal liability under a civil rights claim would pose the same risk of intimidation as would the possibility of liability under the common law. It is the threat of money damages that produces the intimidating effect, and that threat is present under either theory of liability. Consequently, the policies underlying the common law rule of absolute immunity also justify providing a witness with immunity from § 1983 liability.

This rationale applies here and is illustrative of the absence of any constitutional violations or cognizable claims arising from either Det. Roberson's reports and/or his courtroom testimony.

### D. Plaintiff has failed to plead any plausible claims for Injunctive or Declaratory Judgment relief

Plaintiff's vague request for injunctive and declaratory judgment relief [now mentioned only in her Prayer for Relief][31] is duplicative of her *Monell* theory and therefore not independently viable. As the Western District Court succinctly set out in *Carson v. Fed. Nat'l Mortg. Ass'n,* 2012 U.S. Dist. LEXIS 204112, 2012 WL 13029757, at *2 (W.D. Tex. Jan. 26, 2012) "The Declaratory Judgments Act does not create an independent cause of action; it only provides a form of relief. When the request for a declaratory judgment adds nothing to an existing suit, and is merely duplicative of the substantive claims already at issue, the request for a declaratory judgment need not be entertained." District Courts in Texas follow that approach. See, i.e. *Morrison v. Spinnaker Ins. Co.*, Civil Action No. 4:23-cv-324, 2025 U.S. Dist. LEXIS 166347, at *15 (E.D. Tex. 2025). Plaintiff's Injunctive and Declaratory relief request is necessarily founded on her Procedural Due Process and *Monell* claims, and thus, presents no independent plausible claim for relief.

Furthermore, dismissing the underlying substantive claim(s) against the City effectively resolves any dispute as to Plaintiff's request for Injunctive and/or Declaratory Judgment relief against the City. Declaratory relief is unavailable in the absence of some "judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677, 80 S. Ct. 1288, 4 L. Ed. 2d 1478 (1960). Simply put, unless Plaintiff has a valid Fourteenth Amendment or *Monell* claim [which she does not as discussed herein], she has no basis for the Court to issue any declaratory judgment against the City of Southlake. See, i.e., *Reitz v. City of Abilene*, No. 1:16-CV-0181-BL, 2017 WL 3046881, 2017 U.S. Dist. LEXIS 110673, at* n. 9 (N.D. Tex. May 25, 2017).

---

[31] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], Prayer for Relief, paragraph XIV(C) and (D), p. 16; compare to Plaintiff's FIRST AMENDED COMPLAINT [ECF No. 8], paragraph VII(106)-(113), p. 23-24

**VI.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS,** prays that the Court grant their SECOND AMENDED MOTION TO DISMISS; that it dismiss the Plaintiff's claims, and that the City have such other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis* ____________________

**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT CITY OF SOUTHLAKE, TEXAS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

/s/ *Robert J. Davis* ____________________
**ROBERT J. DAVIS**