**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ZDENKA WILCOX** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:26-cv-147** |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS, et al.** | § | |

**CITY OF SOUTHLAKE'S FIRST AMENDED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING DETERMINATION OF CITY'S SECOND AMENDED MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES **CITY OF SOUTHLAKE, TEXAS,** the only remaining Defendant, and files its FIRST AMENDED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING DETERMINATION OF CITY'S SECONDED AMENDED MOTION TO DISMISS, and would show:

## I.
## INTRODUCTION AND PENDING CITY SECOND AMENDED MOTION TO DISMISS

Plaintiff has filed her SECOND AMENDED COMPLAINT - which now only sues the City of Southlake - bringing claims under 42 U.S.C. §1983 and *Monell* for an alleged Procedural Due Process "stigma-plus" claim. The gist of Plaintiff's SECOND AMENDED COMPLAINT remains that she begrudges her credibility characterization in the Southlake Police Department Report and the dates attributed to two photographs she provided. Plaintiff now focuses on the testimony of Det. Roberson in a civil case hearing. However, Plaintiff still cannot meet threshold plausibility requirements regarding her stigma-plus and *Monell* claims against the City of Southlake, as more fully detailed in the CITY OF SOUTHLAKE'S SECOND AMENDED MOTION TO DISMISS [ECF NO. 28] filed on September 8, 2026.

Defendant contends that it is entitled to an immediate stay of discovery and abatement of any Rule 26 conference,[1] discovery,[2] or scheduling pending the final resolution of the City's entitlement to dismissal. Plaintiff has not alleged, nor will she ever likely be able to allege, any viable claims against the City. Quite simply, Defendant requests that all discovery and/or Management Conferences be stayed until the Court has had the opportunity to determine whether the facts alleged by the Plaintiff, taken as true, constitute any plausible claims against the City of Southlake.

## II.
## APPLICABLE LEGAL STANDARD AND NARROW ISSUE TO BE DECIDED

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997); see also *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see also, *Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir. 1983). Proper use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis, id at* 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

Moreover, a court "may, for good cause" protect a party from "undue burden or expense" by staying discovery. FED. R. CIV. P. 26(c)(1). A "district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"

[1]This Court on June 15, 2026, issued its ORDER REQUIRING SCHEDULING CONFERENCE AND REPORT FOR CONTENTS OF SCHEDULING ORDER [ECF. No. 15] and the parties filed their JOINT REPORT [ECF No. 20] on July 10, 2026.

[2]On the evening of June 29, 2026, Plaintiff served PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT CITY OF SOUTHLAKE, which were rendered moot by the dismissal of the City on July 23, 2026, as set out in the ORDER & OPINION [ECF No. 23]

*Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011)(quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). The Fifth Circuit has found, for example, that a stay of discovery may be appropriate where a pending motion seeks to dispose of a lawsuit based on a legal question "where discovery would not be useful to [its] resolution." *Sapp v. Mem'l Hermann Healthcare Sys*., 406 F. App'x 866, 870 (5th Cir. 2010) (per curiam)("We have previously held that where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant [a motion to stay discovery]. ... As we have previously said, it would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." (cleaned up)).

As discussed below, applying the foregoing law, good cause exists for abatement of all discovery and any scheduling requirements until the City's pending SECOND AMENDED MOTION TO DISMISS has been fully resolved.

## III.
## GOOD CAUSE EXISTS FOR ABATEMENT OF ANY DISCOVERY AND ALL FURTHER SCHEDULING REQUIREMENTS

The reason for abatement of all discovery and any further scheduling requirements [except the resolution of the City's pending SECOND AMENDED M OTION TO DISMISS] is simple and straightforward - until this Court first addresses and resolves various threshold dispositive issues, discovery and further scheduling should wait. Moreover, the issues presented in the pending SECOND AMENDED MOTION TO DISMISS are issues of law for which no discovery is need. Finally, although Plaintiff is no longer suing any individuals [and the City cannot assert Qualified Immunity], in light of the Fifth Circuit's decision in *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022) and case following same, i.e., *In re Paxton*, 60 F.4th 252 5th Cir. 2023), subjecting Soutlake employees and public official [albeit indirectly] to discovery on Plaintiff's claims would create an unnecessary and undue

burden in the form of increased litigation costs and disruption and complications caused by discovery. Simply put, it would serve the interests of justice, promote judicial economy, minimize disruption of important governmental activities, and be most productive to abate any discovery requirements and/or scheduling orders so that the legal issues raised in the City's SECOND AMENDED MOTION TO DISMISS can be fully resolved.

## IV.
## STRONG PUBLIC POLICY OF PROTECTING PUBLIC OFFICIALS FROM DISCOVERY

Although Plaintiff no longer sues any defendants individually, she has still ensnared the City of Southlake in a federal lawsuit. As a practical matter, this will necessarily involve some involvement with and by City employees. The Supreme Court's clearly articulated policy of protecting public officials and employees from discovery until threshold immunity issues have been resolved, developed primarily in the arena of qualified immunity, but its guidance remains applicable to this lawsuit. The qualified immunity cases discussed supra are further illustrative of curtailment on discovery pending resolution of immunity. In *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982), the Supreme Court articulated the rationale for the policy of protecting public servants not only from ultimate liability, but also from the inherent inconvenience and distraction of litigation itself, unless "clearly established" law has been shown to have been violated and the inapplicability of qualified immunity determined by the Court, by stating:

> [I]t cannot be disputed seriously that claims frequently run against the innocent as well as the guilty -- at a cost not only to the defendant officials, but to the society as a whole. These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. *Harlow*, 457 U.S. at 814.

Therefore, one of the purposes of qualified immunity is to spare Defendants not only from unwarranted liability, but also from unwarranted demands customarily imposed upon those

defending a long drawn out lawsuit.

Further, as there is a pending SECON D AMENDED MOTION TO DISMISS, which, if resolved in the City's favor, would dismiss the City, it would be a waste of resources to require the parties to engage in any discovery at this juncture, particularly since dispositive issues are untethered to disputed facts. Supreme Court policy and Fifth Circuit precedent support a discovery stay and abatement of any scheduling requirements.

## V.
## REQUESTED RELIEF

For the reasons set forth above, the City of Southlake respectfully request that the Court issue a protective order and abate any discovery requirements and/or scheduling orders until the legal issues raised in the City of Southlake's SECOND AMENDED MOTION TO DISMISS have been fully resolved.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS** prays that the Court grant its FIRST AMENDED MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING DETERMINATION OF CITY'S SECONDED AMENDED MOTION TO DISMISS; that the Court order that all discovery be suspended until the Court has ruled upon the pending City of Southlake's FIRST AMENDED MOTION TO DISMISS, and that the City of Southlake have such other relief, at law or in equity, to which it is justly entitled.


Page 5

Respectfully submitted,

By: /s/ *Robert J. Davis* ____________________________
**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**CITY OF SOUTHLAKE, TEXAS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on September 8, 2026, I conferred with Plaintiff's counsel who relayed the he "take no position" to the relief requested herein. This Motion is therefore presented to the Court for determination as presumptively unopposed or perhaps neutral.

/s/ *Robert J. Davis* _______
**ROBERT J. DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

/s/ *Robert J. Davis* ____________________________
**ROBERT J. DAVIS**