**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ZDENKA WILCOX** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:26-cv-147** |
| | § | |
| **CITY OF SOUTHLAKE, TEXAS, et al.** | § | |

**CITY OF SOUTHLAKE, TEXAS' REPLY TO PLAINTIFF'S RESPONSE TO CITY'S SECOND AMENDED MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CITY OF SOUTHLAKE, TEXAS**, now the sole Defendant, and files their REPLY TO PLAINTIFF'S RESPONSE TO CITY'S SECOND AMENDED MOTION TO DISMISS, as follows:

## I.
## Plaintiff fails to aver any plausible claims against the City

Even with the help of AI,[1] Plaintiff's RESPONSE IN OPPOSITION TO DEFENDANT CITY OF SOUNTHLAKE, TEXAS' SECOND AMENDED MOTION TO DISMISS (hereinafter "PLAINTIFF'S RESPONSE") [ECF No. 31] cannot conjure up a plausible Stigma-plus claim against the City. Plaintiff's SECOND AMENDED COMPLAINT - now pointing to the attributed testimony of Detective Roberson from the underlying civil case - underscores that Plaintiff's claim is still necessarily predicated on Plaintiff's displeasure with the way Det. Robertson characterized Plaintiff's credibility in the police reports - and specifically the purported "discrepancy" in photo dates.[2] The fundamental problem for Plaintiff, which her RESPONSE does not meaningfully counter, is that her pleadings

[1]Now, for first time, Plaintiff's counsel has disclosed his use of Artificial Intelligence to prepare his brief. See, Plaintiff's RESPONSE [ECF. No. 31] cover page.

[2]Plaintiff repeatedly references this date discrepancy as "disputed attribution." See, i.e., Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], paragraphs 6, 8, 10, 21, VIII, 54, 55, 58, 87, 92, Count I (A), 94, 95, 96, 102, 105, 109, 111, 119, 121, 125, 126, 129, 130, 135, and XIV(D)

confirm that Det. Roberson's testimony in the civil case did not demonstrate an actionable "stigma"; i.e., Det. Roberson did not make false assertions that the Plaintiff committed any wrongdoing. Plaintiff's claims should all be finally dismissed.

## II.
## Plaintiff cannot demonstrate a plausible "Stigma-plus" Due Process claim

Plaintiff's RESPONSE chides that "The City's Motion does not squarely address the claim pleaded in her Second Amended Complaint ("SAC")"[3], but the resulting discussion by Plaintiff [or more likely, the AI program that generated the RESPONSE] of her putative Stigma plus theory reinforces that it is not viable. Curiously, Plaintiff now concedes that "The SAC expressly agrees and does not base liability upon Roberson's testimony itself."[4] Seeking to salvage her claim, Plaintiff regurgitates some of her new factual allegations, then argues:

> The SAC therefore does not change theories; it supplies the factual specificity the prior pleading lacked. It pleads what Roberson said at the March 21 hearing, what he expressly did not say, and what he later attributed to Plaintiff in the June 24 official supplement. Those allegations identify the governmental actor, the official proceedings and document involved, the precise factual representation attributed to Plaintiff, its alleged falsity, and the context in which it was made. SAC ¶¶34–58.[5]

According to Plaintiff, "That directly addresses the deficiency identified in the Court's July 23, Order, which found the prior pleading lacked sufficient factual content to determine whether Roberson had made any assertions of wrongdoing."[6] Interesting, but completely incorrect. This Court was quite clear about the failures of the Plaintiff's pleadings, and more precisely, that: "Neither the inaccurate police report nor Detective Roberson's testimony, as alleged, are "concrete,

---

[3] Plaintiff's RESPONSE [ECF. No. 31] paragraph I, p. 1

[4] Plaintiff's RESPONSE [ECF. No. 31] paragraph I, p. 1; paragraph IV, p. 4

[5] Plaintiff's RESPONSE [ECF. No. 31] paragraph I, p. 1

[6] Plaintiff's RESPONSE [ECF. No. 31] paragraph I, p. 1

false assertions of wrongdoing" against Plaintiff. *Id*." See, the OPINION & ORDER [ECF 23], p. 4. This remains true. Plaintiff's SECOND AMENDED COMPLAINT fails to cure this deficiency - and it, now along with her RESPONSE - underscores the absence of any viable claims.

Plaintiff posits that dismissal should be denied, contending that:

> The Rule 12(b)(6) questions are therefore narrower: whether the June 24 factual attribution, considered in context, plausibly satisfies the stigma component; whether the SAC pleads the distinct infringement required by stigma-plus doctrine; and, if Count I survives, whether the post-notice municipal procedures or decision-making practices alleged in Count II plausibly satisfy *Monell*. [7]

Even under this proposed narrow approach, Plaintiff cannot prevail. Put simply, her current allegations fail to demonstrate any Constitutional violation(s) and certainly do not allege that Detective Roberson's testimony in later proceedings or his reports contained actual assertions of wrongdoing on Plaintiff's part.

**III**
**Plaintiff has not adequately plead nor could she establish under these facts any Section 1983 and *Monell* liability against the City**

Plaintiff's RESPONSE regarding *Monell*, even with IA intervention, still amounts to nothing. She obtusely argues:

> The prior Order dismissed the earlier Monell claim because Plaintiff had not adequately pleaded the predicate constitutional violation. ECF No. 23 at 6. The SAC now pleads a narrower municipal theory tied to the post-notice review, correction, and continued treatment of the challenged attribution. SAC ¶¶119–31.[8]

Plaintiff's RESPONSE spends substantial timely explaining what her pleadings do not contend, but devotes little if any cogent discussion to identifying an actual constitutional violation or how any City policy was the moving force for Plaintiff yet articulated constitutional violation.

---

[7] Plaintiff's RESPONSE [ECF. No. 31] paragraph I, p. 2

[8] Plaintiff's RESPONSE [ECF. No. 31] paragraph I, p. 2

## IV.
## Detective Roberson has absolute immunity for any courtroom testimony

Plaintiff concedes, as she must, that Detective Roberson is entitled to absolute immunity for any testimony he provided at the civil case hearing.[9] She argues however, that such absolute immunity "does not resolve whether the separate June 24 governmental attribution and subsequent municipal conduct state claims against the City."[10] Her IA program is way off base here. The City's argument is and remains that Det. Roberson's immunity for his testimony is illustrative of the absence of any constitutional violations or cognizable claims arising from either Det. Roberson's reports and/or his courtroom testimony.

## V.
## Plaintiff has failed to plead any plausible claims for Injunctive or Declaratory Judgment relief

Although hard to tell from her RESPONSE, it seems that Plaintiff agrees that her vague request for injunctive and declaratory judgment relief [mentioned only in her Prayer for Relief][11] is not independently viable - and necessarily depends on the viability of her Stigma-plus claim. As argued by the City dismissing the underlying substantive claim(s) against the City effectively resolves any dispute as to Plaintiff's request for Injunctive and/or Declaratory Judgment relief against the City.

## VI.
## No further amendments should be allowed

As a last gasp, Plaintiff argues that dismissal should be without prejudice and she should be allowed to replead again. The City obviously disagrees. After three times, she should be done.

---

[9] Plaintiff's RESPONSE [ECF. No. 31] paragraph VIII, p. 17

[10] Plaintiff's RESPONSE [ECF. No. 31] paragraph VIII, p. 18

[11] See, Plaintiff's SECOND AMENDED COMPLAINT [ECF No. 27], Prayer for Relief, paragraph XIV(C) and (D), p. 16; compare to Plaintiff's FIRST AMENDED COMPLAINT [ECF No. 8], paragraph VII(106)-(113), p. 23-24

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CITY OF SOUTHLAKE, TEXAS,** prays that the Court grant their SECOND AMENDED MOTION TO DISMISS; that it dismiss the Plaintiff's claims, and that the City have such other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis* ____________________

**ROBERT J. DAVIS**
State Bar No. 05543500
**KYLE THOMAS BARRY**
State Bar No. 24122284
**MATTHEWS, SHIELS, KNOTT, EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
kbarry@mssattorneys.com

**ATTORNEYS FOR DEFENDANT CITY OF SOUTHLAKE, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Brian D. Wilcox

/s/ *Robert J. Davis* ______________________
**ROBERT J. DAVIS**